NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

HARRY SIMON MCGILL, *Petitioner.*

No. 1 CA-CR 13-0817 PRPC
FILED 5-28-2015

Petition for Review from the Superior Court in Maricopa County
No.  CR 2009-125324-002 DT
The Honorable Susanna C. Pineda, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Gerald R. Grant
*Counsel for Respondent*

Harry Simon McGill, Buckeye
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Maurice Portley and Judge John C. Gemmill joined.

---

**B R O W N,** Judge:

**¶1** Harry Simon McGill petitions for review of the summary dismissal of his petition for post-conviction relief filed pursuant to Rule 32, Arizona Rules of Criminal Procedure. We have considered his petition and, for the reasons stated, grant review but deny relief.

**¶2** McGill was indicted on one count of sale or transportation of narcotic drugs, a class 2 felony. Upon trial to a jury, McGill was found guilty as charged. After finding that McGill had two prior historical felony convictions, the trial court sentenced him as a repetitive offender to a mitigated twelve-year prison term. We affirmed the conviction and sentence on appeal. *State v. McGill*, 1 CA-CR 11-0673, 2012 WL 4793444 (Ariz. App. Oct. 9, 2012) (mem. decision).

**¶3** McGill filed a timely notice of post-conviction relief. Appointed counsel notified the trial court that after reviewing the record he could find no viable claims to raise in a Rule 32 post-conviction proceeding. McGill then filed a *pro se* petition raising claims of ineffective assistance of trial and appellate counsel. The court summarily dismissed the petition, ruling that McGill failed to state a colorable claim for relief.

**¶4** On review, McGill restates his claims of ineffective assistance of trial counsel and argues that the trial court erred in ruling that he failed to state a colorable claim for relief. He also complains that the court stated in its minute entry order that his petition was untimely. We review the summary dismissal of a petition for post-conviction relief for abuse of discretion. *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17 (2006).

**¶5** The record reflects that the post-conviction proceeding was commenced timely by McGill and that the reference to it being untimely on page two of the trial court's order was simply a mistranscription by the person who prepared the order. Indeed, in the first sentence of the order, the court specifically describes the petition as being timely filed. Moreover, the issue of timeliness played no role in the court's decision to summarily

dismiss the petition. Thus, this error in the order provides no basis for granting relief.

**¶6**     Turning to the merits of the claims of ineffective assistance of counsel, we have reviewed the record and are satisfied the trial court clearly identified and thoroughly addressed those claims and correctly resolved the issues in a manner sufficient to permit this or any other court to conduct a meaningful review. *See State v. Whipple*, 177 Ariz. 272, 274 (App. 1993). No purpose would be served by repeating the trial court's ruling in its entirety, and we therefore adopt it. *Id.*

**¶7**     Accordingly, although we grant review, we deny relief.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama