748 P.2d 1184

**STATE of Arizona, ex rel., the Honorable Robert K. CORBIN, the Attorney General, Petitioner,**

v.

**SUPERIOR COURT OF the STATE OF ARIZONA, In and For the COUNTY OF MARICOPA, Hon. Michael O. Wilkinson, a Judge Thereof, and Sylvester Smith, Jr., Real Party in Interest, Respondents.**

No. CV–87–0378–SA.

Supreme Court of Arizona.

Dec. 10, 1987.

Robert K. Corbin, Atty. Gen. by Barbara A. Jarrett, Asst. Atty. Gen., Phoenix, for petitioner.

Fennemore Craig by Phillip F. Fargotstein, Edward R. Glady, Jr., Christopher P. Staring, Phoenix, for respondent Smith.

FELDMAN, Vice Chief Justice.

In 1978, the real party in interest, Sylvester Smith, Jr., was tried for the murder of Timothy Hayes and was sentenced to death. The conviction and sentence were affirmed on appeal, *State v. Smith*, 125 Ariz. 412, 610 P.2d 46 (1980). In 1986, the sentencing judge, the Honorable James Moeller, Judge of the Maricopa County Superior Court, considered a petition for post-conviction relief under Rule 32, Ariz.R. Crim.P., 17 A.R.S., and found that Smith had been denied his right to effective assistance of counsel in the sentencing phase of the case. Judge Moeller therefore vacated the sentence previously imposed on defendant and ordered a new sentence hearing. Before resentencing took place, Judge Moeller was appointed to this court and the case was reassigned for resentencing to the Honorable Ronald S. Reinstein, Judge of the Maricopa County Superior Court.

Before commencement of the resentencing hearing, defendant brought proceedings under Rule 10, Ariz.R.Crim.P., 17 A.R.S., challenging Judge Reinstein for cause. Defendant sought discovery of various items relating to the possible challenge for cause, and on September 3, 1987, respondent Michael O. Wilkinson, Judge of

the Maricopa County Superior Court, ruled that the state would be required to produce information relating to Judge Reinstein's participation in or attendance at seminars presented by the state association of prosecutors. The seminars in question were closed to the public.

The state sought special action relief[1] from this court, claiming that Judge Wilkinson had exceeded his jurisdiction, acted contrary to law, and abused his discretion in issuing the discovery order. During oral argument on the petition for special action, we learned that at the time the case was tried in 1978, Judge Reinstein had been a deputy in the Maricopa County Attorney's office, the office charged with responsibility to prosecute the case; he continued in that position until his elevation to the bench on December 2, 1985. While Judge Reinstein had not served in the department that had actually prosecuted this case, he had been a supervisory member of the staff of the prosecuting attorney's office which represented the state while the case was tried, the original sentence was imposed, and the direct appeal decided.

At the Rule 32 proceedings in the trial court, defendant challenged the assignment of the resentencing proceedings to a judge who had been a member of the prosecuting attorney's staff. Defendant claimed this too was ground for disqualification for cause. Although the issue was not raised in the special action petition, we concluded that the facts of this case presented a substantial question regarding the propriety of assigning the resentencing proceedings to Judge Reinstein. We requested counsel to brief the issue and now conclude that the order must be vacated.

■ This court has adopted the American Bar Association's 1972 Code of Judicial Conduct. *See* Rule 81, Ariz.R.S.Ct., 17A A.R.S. These rules govern the conduct of judges in the administration of their office. That code provides that:

(C) *Disqualification.*

(1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where:

\*   \*   \*   \*   \*   \*

(b) he knows that he served as a lawyer in the matter in controversy, or he knows that a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter ...

Canon 3(C)(1)(b), Code of Judicial Conduct, Rule 81.

Although not specifically adopted in Arizona, the commentary to this section is illuminating. It provides that a former governmental lawyer "does not necessarily" fit within the rule of per se disqualification, but goes on to state that "a judge formerly employed by a governmental agency, however, should disqualify himself in a proceeding if his impartiality might reasonably be questioned because of such association." Commentary, Canon 3(C), 1972 American Bar Association Code of Judicial Conduct.

Decisions on the issue are split, largely reflecting the precise wording of the statute or rule in question. *See, e.g., People v. Delongchamps,* 103 Mich.App. 151, 302 N.W.2d 626 (1981) (judge, a former prosecutor, need not be disqualified unless he personally participated in the former proceeding because rule required disqualification only if the judge "cannot impartially hear a case"); *compare Rollo v. Dison,* 402 So.2d 122 (La.App.1981) (recusal was required under similar circumstances where the rule was interpreted to require disqualification when the appearance of partiality was present even though there was no partiality in fact). *See also* Annot., 16 A.L.R.4th 550 (1982), specifically subsection 4, at 558 *et seq.* The editor of the annotation states:

A number of courts have taken the position that a judge who had been a district attorney or an attorney general at the time that a defendant was prosecuted for

---

1. In Arizona, relief formerly obtained by writs of prohibition, mandamus or certiorari is now obtained by "special action." Rule 1, Arizona

Rules of Procedure for Special Actions, 17A A.R.S.

an offense is disqualified, in general, from sitting as a judge in a further proceeding involving the same defendant and the same offense, often on the ground that a statutory provision rendered the judge disqualified, despite the fact that the judge was not at all involved in the actual prosecution.... However, other courts have reached the conclusion that a judge is not disqualified in such a situation, frequently reasoning that disqualification on such grounds would hamper the smooth operation of the judicial administration by causing too many disqualifications on technical grounds, thus necessitating the assignment of another judge to try the case.

Annot., 16 A.L.R.4th, at 554–55.

Obviously, if Judge Reinstein had in any way personally participated in the prosecution of defendant's case, Canon 3(C) would disqualify him from serving as judge. While the present record is scanty, we are quite certain that had such facts existed, the resentencing matter would neither have been assigned to Judge Reinstein nor accepted by him. The problem before us, thus, is not concerned with actual impropriety but with whether the judge's "impartiality might reasonably be questioned" because of his connection with the prosecutor's office. Rule 81, *supra.*

On this issue, we believe that the proper interpretation of the rule requires disqualification. Our system of justice depends for its survival on the support and confidence of the public. It is important, therefore, that justice not only be impartially dispensed but also that any question of unfairness or partiality be avoided. The presence of a former member of the prosecutor's staff on the bench at the capital sentencing of a case which had been prosecuted by that judge's former office raises substantial and unavoidable questions. At the very least, in such a case competent counsel would be required, as did counsel in this case, to question the extent of the judge's participation in or knowledge of the prosecution and his or her relationship with the prosecutor.[2] At the very least, inquiry on these issues would be required, evidence would be taken and conclusions reached.

We believe that this very necessity illustrates the vice of interpreting the rule so narrowly as to permit assignment to a judge who was once a member of the office that prosecuted the case. We are not impressed with the argument made in some of the cases that disqualification absent the judge's actual participation in the prosecution would disrupt the judicial system. In the case before us, we note there are currently fifty-three divisions of the Maricopa County Superior Court, and thus fifty-two other judges to whom the case could be assigned. It is true that in rural counties having only one or two judges, a greater difficulty would be encountered. We believe, however, that the problem is far from overwhelming. We have an integrated judicial system in this state. *See* Ariz. Const. art. 6, § 1. There is but one superior court. *Id.* If a judge in a smaller county is required to recuse himself, there is no reason why a judge from another county cannot be assigned to take his place. *Id.*, § 3.

■ We hold, therefore, that under Canon 3(C)(1), the impartiality of the judge may reasonably be questioned when adversarial proceedings in a criminal case are assigned to a judge who was a member of the staff of the prosecuting attorney at the time prosecution commenced. In such situations, the judge to whom the case is assigned should recuse himself and take appropriate steps to have the case assigned to another judge. Of course, the same rule applies in reverse, when a case is assigned to a judge who was a member of the staff of the office which had defended the case.

**2.** In Arizona, sentencing in capital cases is determined by the judge rather than the jury. *See* A.R.S. § 13–703(B). Notwithstanding this, we have held that the defendant has no right to voir dire the judge. *State v. Rossi,* 154 Ariz. 245, 741 P.2d 1223 (1987). Such a rule, of course, could never be applied to a case such as this, where there would be an absolute necessity to determine the extent of the trial judge's participation in the prosecution. This again emphasizes that the facts before us present a situation in which the judge's impartiality would have to be ascertained.

We note further that Judge Reinstein has not yet begun the new sentencing hearing and that the sentencing proceedings easily could be assigned to another of the many judges available in the Maricopa County Superior Court. Pursuant to our revisory power under Ariz. Const. art. 6, § 5(4), we accept jurisdiction and vacate the order assigning the instant case to Judge Reinstein for resentencing. We return the matter to Maricopa County Superior Court with instructions that the resentencing proceedings be assigned to a judge who was not a member of the prosecutor's office at the time the case was prosecuted and the original sentence imposed. The foregoing disposition moots the questions raised as to the propriety of the discovery order made by Judge Wilkinson on September 3, 1987.

GORDON, C.J., CAMERON and HOLOHAN, JJ., and L. RAY HAIRE, Chief Judge, concur.

Justice James Moeller recused himself and did not participate in the determination of this matter. Pursuant to Ariz. Const. art. 6, § 3, Chief Judge L. Ray Haire of the Court of Appeals, Division One, was designated to sit in his stead.