868 P.2d 327

The STATE of Arizona,
Appellee/Respondent,

v.

Robert Leroy QUICK,
Appellant/Petitioner.

Nos. 2 CA–CR 90–0191,
2 CA–CR 92–0081–PR.

Court of Appeals of Arizona,
Division 2, Department B.

April 8, 1993.

Reconsideration Denied May 26, 1993.

Review Denied Feb. 16, 1994.

Grant Woods, Atty. Gen. by Paul J. McMurdie and Barbara A. Jarrett, Phoenix, for appellee/respondent.

Susan A. Kettlewell, Pima County Public Defender by Rebecca A. McLean, Tucson, for appellant/petitioner.

## OPINION

HATHAWAY, Judge.

Appellant was charged with five counts of child molestation, one count of sexual abuse and one count of sexual conduct with a minor, all dangerous crimes against children. Pursuant to a plea agreement, he pled no contest to one count of attempted sexual abuse. He was sentenced to the maximum prison term of 15 years, but in post-conviction proceedings, the trial court vacated the sentence and has set the matter for resentencing. Appellant has not been resentenced because it is his contention that the conviction should be vacated. The petition for review and the appeal have been consolidated.

The state argues that this court need not address the claims raised in the opening brief

because they relate to his first and second petitions for post-conviction relief and that this court dismissed the petition for review for lack of jurisdiction based on appellant's failure to file motions for rehearing in the trial court. However, after the state filed its answering brief, on December 24, 1992, appellant filed a motion for reconsideration of the dismissal of the petition which this court granted on January 20, 1993, because a delayed motion for rehearing and petition for review were filed in the trial court. We will, therefore, address the claims raised.

Appellant's first contention relates to the trial court's granting of a resentencing but its refusal to vacate the plea or set a new change-of-plea hearing. Judge Hantman had presided over the change-of-plea proceeding and sentenced appellant. In his Rule 32 petition, appellant pointed out that Judge Hantman had been an attorney at the Pima County Public Defender's Office at the time the charges against appellant were pending. Judge Hantman recused himself from the post-conviction proceedings. Following an evidentiary hearing in June 1991, during which Judge Hantman testified, the trial court denied relief. Following appellant's motion for rehearing, Judge Miller granted appellant resentencing.

■ We cannot say the trial court erred in refusing to vacate the plea or order a new change-of-plea proceeding. We do not believe that Canon 3(C) of the Code of Judicial Conduct, Ariz.R.S.Ct. 81, 17A A.R.S. or *State ex rel. Corbin v. Superior Court*, 155 Ariz. 560, 748 P.2d 1184 (1987), require otherwise. The relevant portion of Canon 3(C) provides as follows:

C. Disqualification.

(1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where:

\* \* \* \* \* \*

(b) he knows that he served as a lawyer in the matter in controversy, or he knows that a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter. . . .

In *State ex rel. Corbin*, our supreme court considered this Canon. The defendant in that case challenged his resentencing by a judge who had been a member of the prosecuting attorney's staff when the case was pending. The supreme court held that under such circumstances, the judge should recuse himself or herself, noting that the same would be true if the case were assigned to another judge who was a member of the staff of the office which had defended the case.

■ We note at the outset that the posture of that case differed significantly from this one. The special action was taken from an order entered before the resentencing took place, after the conflict was pointed out to the court. The record in this case shows that Judge Hantman was unaware of the conflict and the issue was not brought to his attention until after the change-of-plea proceeding and sentencing. Unlike *State ex rel. Corbin*, a remedy was granted by vacating the sentence and assigning a different judge for resentencing. By not raising this issue before, it was waived.[1]

■ Assuming the issue cannot be waived because of its nature, that is, because it relates to ethical conflicts and is one which the court should have raised sua sponte,[2] we do not believe appellant is entitled to additional relief. The supreme court's primary concern in *State ex rel. Corbin*, was not whether there would be actual impropriety but whether the judge's impartiality could reasonably be questioned. We believe the supreme court's goal of avoiding that possibility has been served here. A sentencing proceeding necessarily requires that the sentencing judge exercise his or her discretion. Thus, impartiality is crucial. A change-of-

---

1. Although appellant filed a motion to have Judge Hantman removed before sentencing and after the change-of-plea hearing, it was based on the allegation that he was generally biased and had access to purportedly prejudicial information in the pre-sentence report, not on the conflict; that motion was denied.

2. We note that Judge Hantman could not have been expected to disqualify himself since he was apparently unaware of the conflict. Indeed, the Canon is couched in terms of the judge's knowledge.

plea proceeding is ministerial in nature; it merely requires the satisfaction of objective criteria under Ariz.R.Crim.P. 17, 17 A.R.S., and requires little, if any, exercise of discretion by the judge in doing so. In any given case, the record would show whether the trial court adequately advised a defendant of his or her rights and whether the defendant, based on questioning by the court, understood and waived those rights. The record would also show whether there was a sufficient factual basis to support the plea. The record in this case shows that Judge Hantman complied with the rules and appellant does not contend otherwise. Moreover, there is no basis for concluding that, even assuming bias, it could reasonably have influenced the change-of-plea proceeding. We conclude that the trial court correctly denied additional post-conviction relief.

■ Appellant's second contention is that the trial court erred when it summarily dismissed his claim of ineffective assistance of counsel which was based on counsel's failure to seek special action relief from the trial court's denial of his motion to dismiss or for a new finding of probable cause under Ariz. R.Crim.P. 12.9. In that motion, appellant had contended that the grand jury was presented with false or misleading information because a police officer had misstated certain matters relating, among other things, to the size and shape of the dog house in which the victim was allegedly molested. Appellant contended that the opening in the dog house was too small for an adult and perhaps even the victim, an eight-year-old child, to have entered. Appellant concedes that the entry of a plea waives all non-jurisdictional defects, *State v. Reed,* 121 Ariz. 547, 592 P.2d 381 (App.1979), but, citing *State v. Anderson,* 147 Ariz. 346, 710 P.2d 456 (1985), he claims that this rule does not apply to a claim of ineffective assistance in entering a plea. Appellant fails to see the distinction between counsel who is ineffective in connection with matters directly relating to the entry of a guilty plea and allegedly deficient performance as to other aspects of the representation. Under the circumstances of this case, we believe the claim has been waived.

In any event, even assuming the issue was not waived, and assuming also that counsel's performance was deficient because of his failure to seek appellate review of the denial of the Rule 12.9 motion, appellant has not raised a colorable claim that he was prejudiced. *See State v. Nash,* 143 Ariz. 392, 694 P.2d 222, *cert. denied,* 471 U.S. 1143, 105 S.Ct. 2689, 86 L.Ed.2d 706 (1985). The factual basis for the plea established at the change-of-plea proceeding shows that there was sufficient evidence to establish probable cause. Moreover, based on the record before us, this court would not have reversed the trial court's denial of the motion.

We have reviewed the entire record for fundamental error. We have found none. We therefore affirm the conviction and deny post-conviction relief. The matter is remanded for resentencing.

DRUKE, P.J., and FERNANDEZ, J., concur.