NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ANDREW CHRISTOPHER PEREZ, *Petitioner*.

No. 1 CA-CR 13-0156 PRPC

FILED 3-10-2015

Petition for Review from the Superior Court in Maricopa County
No. CR 2009-165932-001
The Honorable Susanna C. Pineda, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Arthur G. Hazelton, Jr.
*Counsel for Respondent*

Andrew Christopher Perez, Buckeye
*Petitioner Pro Se*

---

**MEMORANDUM DECISION**

Presiding Judge John C. Gemmill delivered the decision of the Court, in which Judge Kenton D. Jones and Judge Donn Kessler joined.

---

**G E M M I L L**, Judge:

¶1        Andrew Christopher Perez petitions for review of the trial court's summary dismissal of his petition for post-conviction relief filed pursuant to Rule 32, Ariz. R. Crim. P.  We have considered his petition and, for the reasons stated, grant review but deny relief.

¶2        Perez was indicted on one count of possession of dangerous drugs, a class 2 felony; one count of sale or transportation of dangerous drugs, a class 2 felony; two counts of misconduct involving weapons, each a class 4 felony; and one count of possession of drug paraphernalia, a class 6 felony.  The State also alleged multiple sentence enhancements including two prior felony convictions, commission of the offenses while on release, and possession of dangerous drugs over the statutory threshold.  Perez rejected a plea deal that involved a guilty plea to one count of possession of dangerous drugs for sale and a seven-year prison term and instead, against his trial counsel's advice, pled guilty without any agreement to all five counts as charged and admitted his prior convictions.  The trial court sentenced Perez as a repetitive offender to concurrent presumptive prison terms, the longest being fifteen years on the two dangerous drug offenses.

¶3        Perez filed a timely notice of post-conviction relief. Appointed counsel subsequently notified the trial court that after reviewing the record he could find no claims to raise.  Perez then filed a *pro se* petition raising claims of unlawful arrest, unlawful search and seizure, identification obtained in violation of constitutional rights, involuntary statements, suppression of evidence, use of perjured testimony, unlawfully induced guilty plea, improper use of prior convictions, mental impairment, ineffective assistance of counsel during plea bargaining, ineffective assistance of counsel at sentencing, newly discovered evidence, and abridgment of other constitutional rights.  The trial court summarily dismissed the petition, ruling that many of the claims were waived by the guilty pleas and that Perez failed to state colorable claims of ineffective assistance of counsel or newly discovered evidence.

¶4 On review, Perez restates his claims of ineffective assistance of counsel, newly discovered evidence, unfit to plead guilty due to mental impairment, and conviction in violation of constitutional rights, and asserts he is entitled to an evidentiary hearing. We review the summary dismissal of a petition for post-conviction relief for abuse of discretion. *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17, 146 P.3d 63, 67 (2006).

¶5 The trial court did not abuse its discretion in dismissing the petition for post-conviction relief. By pleading guilty, Perez waived all non-jurisdictional defects and errors prior to the plea, including deprivations of constitutional rights. *See State v. Flores*, 218 Ariz. 407, ¶ 6, 188 P.3d 706, 708–09 (App. 2008); *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("A guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to deprivation of constitutional rights that occurred prior to the entry of the guilty plea."). This includes all claims of ineffective assistance of counsel, except as they relate to the validity of plea. *State v. Quick*, 177 Ariz. 314, 316, 868 P.2d 327, 329 (App. 1993).

¶6 Regarding the claim of mental impairment, Perez fails to support his allegations of incompetency. A trial court need not conduct an evidentiary hearing based on mere generalizations and unsubstantiated claims. *State v. Borbon*, 146 Ariz. 392, 399, 706 P.2d 718, 725 (1985). Additionally, the trial court was entitled to rely on its own observations of Perez's demeanor and responses at the change-of-plea hearing. *See State v. Djerf*, 191 Ariz. 583, ¶ 25, 959 P.2d 1274, 1283 (1998) (holding "defendant's appropriate and rational responses" relevant to conclusion that defendant fully understood consequences of waiver). We note that the transcript of that change-of-plea hearing fully supports the trial court's determination that Perez knowingly, voluntarily, and intelligently entered his guilty pleas.

¶7 With respect to the other non-waived claims of newly discovered evidence and ineffective assistance of counsel relating to his guilty pleas, we have reviewed the record and are satisfied the trial court clearly identified and thoroughly addressed those claims and correctly resolved the issues in a manner sufficient to permit this or any other court to conduct a meaningful review. *See State v. Whipple*, 177 Ariz. 272, 274, 866 P.2d 1358, 1360 (App. 1993). No purpose would be served by repeating the court's ruling in its entirety, and we therefore adopt it. *Id.*

¶8        Accordingly, although we grant review, we deny relief.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama