NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JOHNNY HAROLD DAVIS, SR., *Petitioner*.

No. 1 CA-CR 14-0594 PRPC
FILED 9-1-2016

Petition for Review from the Superior Court in Yavapai County
No. P1300CR201000855
The Honorable Jennifer B. Campbell, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Yavapai County Attorney's Office, Prescott
By Dennis M. McCrane
*Counsel for Respondent*

Johnny Harold Davis, Sr., Buckeye
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen, Judge Jon W. Thompson and Chief Judge Michael J. Brown delivered the decision of the court.

**PER CURIAM**:

¶1   Johnny Harold Davis, Sr. petitions for review of the summary dismissal of his petition for post-conviction relief, filed pursuant to Rule 32, Arizona Rules of Criminal Procedure. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2   Davis pled guilty to two counts of attempted transportation of dangerous drugs for sale (methamphetamine). On June 6, 2012, the superior court sentenced Davis to concurrent 15-year prison terms.

¶3   Davis filed a timely notice of post-conviction relief and the superior court appointed counsel to represent him in the proceeding. After counsel filed a notice of completion of review stating that she was unable to discern any colorable claim to raise, Davis filed a *pro se* petition for post-conviction relief raising claims concerning alleged disclosure violations by the State, ineffective assistance of counsel, actual innocence and violation of the plea agreement by the court in sentencing. The superior court summarily dismissed the petition on the ground that Davis failed to state a colorable claim for relief, and this petition for review followed.

¶4   On review, Davis argues that the superior court erred in summarily dismissing his petition for post-conviction relief without an evidentiary hearing on his claims of disclosure violations and ineffective assistance of counsel. Summary dismissal of a petition for post-conviction relief is appropriate "[i]f the court . . . determines that no . . . claim presents a material issue of fact or law which would entitle the defendant to relief under this rule and that no purpose would be served by any further proceedings." Ariz. R. Crim. P. 32.6(c). We review the summary dismissal of a post-conviction relief proceeding for abuse of discretion. *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17 (2006).

¶5   The superior court clearly identified, thoroughly addressed and correctly resolved the merits of Davis's allegations of disclosure violations by the State and ineffective assistance of counsel. *See United States v. Ruiz*, 536 U.S. 622, 630-33 (2002) (due process does not require prosecution to disclose impeachment evidence before plea agreement); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (guilty plea waives all claims other than those involving the voluntary and intelligent character of the guilty plea); *State v. Quick*, 177 Ariz. 314, 316 (App. 1993) (by entering guilty plea, defendant waives all non-jurisdictional defects and defenses, including constitutional claims, other than "matters directly relating to the entry of a guilty plea"). Moreover, the court ruled in a manner sufficient to

permit this or any other court to conduct meaningful review. *See State v. Whipple*, 177 Ariz. 272, 274 (App. 1993). No useful purpose would be served by repeating the court's analysis, *see id.*, and instead we adopt it.

**¶6**        Accordingly, although we grant review, we deny relief.



Amy M. Wood • Clerk of the court
FILED:  AA