NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

LEON ROBERTSON, *Petitioner*.

No. 1 CA-CR 14-0832 PRPC
FILED 10-11-2016

Petition for Review from the Superior Court in Maricopa County
No. CR2013-100989-001
The Honorable Robert L. Gottsfield, Judge *Retired*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Arthur G. Hazelton, Jr.
*Counsel for Respondent*

Leon Robertson, Tucson
*Petitioner Pro Se*

**MEMORANDUM DECISION**

Judge Donn Kessler authored the decision of the Court, in which Presiding
Judge Kenton D. Jones and Judge Randall M. Howe joined.

**K E S S L E R**, Judge:

**¶1**	Petitioner Leon Robertson seeks review of the superior court's summary dismissal of his pro se petition for post-conviction relief of-right. Robertson pled guilty to misconduct involving weapons and possession or use of narcotic drugs. Robertson argues his trial counsel was ineffective when counsel failed to file a motion to suppress, conduct pre-trial investigation, and present an affidavit from Robertson's wife professing his innocence. Robertson also argues his post-conviction relief counsel was ineffective when she failed to raise these issues and when she "fabricated" evidence by explaining her view of the evidence in correspondence to Robertson.[1]

**¶2**	We deny relief. A plea agreement waives all non-jurisdictional defenses, errors, and defects which occurred prior to the plea. *State v. Flores*, 218 Ariz. 407, 409-10, ¶ 6 (App. 2008). This includes deprivations of constitutional rights, *id.*, and all claims of ineffective assistance of counsel not directly related to the entry of the plea, *State v. Quick*, 177 Ariz. 314, 316 (App. 1993). Further, because Robertson waived these issues, post-conviction relief counsel had no issues to raise. Finally, interpreting the evidence in a manner with which Robertson did not agree was not "fabricating" evidence.

**¶3**	We do not address the other issues Robertson raises in his petition because he did not present those issues to the trial court. *State v. Ramirez*, 126 Ariz. 464, 467 (App. 1980) (clarifying this Court will not review issues raised for the first time in a motion for rehearing); *State v. Wagstaff*, 161 Ariz. 66, 71 (App. 1988) (same); Ariz. R. Crim. P. 32.9(c)(1)(ii).

**¶4**	We grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[1]	Robertson's post-conviction relief counsel found no colorable claims for relief.