NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

CHAD ELGIN WALKER, *Petitioner.*

No. 1 CA-CR 14-0831 PRPC
FILED 10-25-2016

Petition for Review from the Superior Court in Maricopa County
No.  CR2011-007430-001
The Honorable Susanna C. Pineda, Judge

**REVIEW GRANTED; RELIEF DENIED**

APPEARANCES

Maricopa County Attorney's Office, Phoenix
By Karen Kemper
*Counsel for Respondent*

Chad Elgin Walker, Florence
*Petitioner Pro Se*

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court in which Judge Peter B. Swann and Judge Patricia A. Orozco joined.

**G O U L D**, Judge:

**¶1**        Petitioner Chad Elgin Walker petitions this court for review from the summary dismissal of his petition for post-conviction relief. Walker pled guilty to child prostitution, attempted sexual conduct with a minor and attempted child prostitution and stipulated to the punishment for each count. Walker argues his trial counsel was ineffective when he failed to challenge the sufficiency of a search warrant, the timeliness of the return of the warrant and the searches investigators conducted pursuant to that warrant. Walker also argues his trial counsel had a conflict.

**¶2**        We deny relief. A plea agreement waives all non-jurisdictional defenses, errors and defects which occurred prior to the plea. *State v. Moreno*, 134 Ariz. 199, 200 (App. 1982). This includes deprivations of constitutional rights, *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), and all claims of ineffective assistance of counsel not directly related to the entry of the plea. *State v. Quick*, 177 Ariz. 314, 316 (App. 1994). Regarding the conflict of interest, Walker failed to state a colorable claim for relief because he does not identify the conflict of interest, when it arose or how it prejudiced Walker. The record shows only that four months after Walker pled guilty, his counsel moved to withdraw because of an unidentified conflict of interest. The trial court granted the motion, appointed new counsel and imposed the stipulated sentences approximately three months later.

**¶3**        While the petition for review presents additional issues, we do not address those issues because Walker did not raise them below. *State v. Ramirez*, 126 Ariz. 464, 467 (App. 1980); *State v. Wagstaff*, 161 Ariz. 66, 71 (App. 1988); *State v. Bortz*, 169 Ariz. 575, 577 (App. 1991); Ariz. R. Crim. P. 32.9(c)(1)(ii). This includes issues Walker raised for the first time in the reply he filed below and which the trial court declined to consider.

**¶4**        We grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA