NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

DENISE NECTALY ROMERO, *Petitioner*.

No. 1 CA-CR 14-0859 PRPC
FILED 11-17-2016

Petition for Review from the Superior Court in Maricopa County
No. CR2012-135851-008
The Honorable Peter C. Reinstein, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Karen Kemper
*Counsel for Respondent*

Denise Nectaly Romero, Goodyear
*Petitioner*

------

**MEMORANDUM DECISION**

Presiding Judge Patricia K. Norris delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Margaret H. Downie joined.

------

**N O R R I S**, Judge:

**¶1**         Denise Nectaly Romero petitions this court for review of the superior court's dismissal of her petition for post-conviction relief. We grant review, but deny relief.

**¶2**         Romero pled guilty to possession of narcotic drugs for sale and sale or transportation of narcotic drugs. In her petition for review, Romero argues her counsel was ineffective because he failed to (1) file a motion to sever; (2) provide copies of discovery to her; (3) communicate with her; (4) convince the State to offer her a better plea deal; and (5) create a mitigation packet without charging Romero additional fees.

**¶3**         A plea agreement waives all non-jurisdictional defenses, errors, and defects which occurred prior to the plea. *State v. Moreno*, 134 Ariz. 199, 200, 655 P.2d 23, 24 (App. 1982) (citation omitted). The waiver of non-jurisdictional defects includes alleged deprivations of constitutional rights, *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S. Ct. 1602, 1608, 36 L. Ed. 2d 235 (1973), and all claims of ineffective assistance of counsel not directly related to the entry of the plea, *State v. Quick*, 177 Ariz. 314, 316, 868 P.2d 327, 329 (App. 1994). Here, Romero admitted her guilt at the change of plea hearing, admitted the factual basis for each count, and informed the court that she had not been threatened or otherwise coerced into entering the plea agreement. In seeking post-conviction relief, Romero offered nothing to suggest her attorney could have persuaded the State to make a plea offer better than the one she accepted.

**¶4**         Romero additionally argues, without citation to authority, that the superior court imposed an illegal, consecutive sentence. Under Arizona Revised Statutes ("A.R.S.") section 13-711 (2016),[1] however, the "sentences imposed by the court shall run consecutively unless the court

------

[1]This statute has not been amended since May 2012, when the State alleged Romero began her involvement in the underlying offenses. Thus, we cite to the current version of the statute.

expressly directs otherwise." Thus, the court did not impose an illegal sentence.

**¶5**    Romero next argues the State failed to disclose recordings of phone conversations. However, the emails Romero attached to her petition for review show the State disclosed information regarding the phone conversations to her attorney.

**¶6**    Romero also argues the superior court should have granted her post-conviction relief based on her actual innocence. We reject this argument. *See State v. Swoopes*, 216 Ariz. 390, 393, ¶ 4, 166 P.3d 945, 948 (App. 2007) (appellate court reviews ruling on post-conviction motion for abuse of discretion) (citations omitted). Under Ariz. R. Crim. P. 32.1(h), a defendant claiming actual innocence in a post-conviction petition must show "by clear and convincing evidence that . . . no reasonable fact-finder would have found defendant guilty of the underlying offense beyond a reasonable doubt." Romero has offered no evidence to support that she was actually innocent. Indeed, although she downplays her role in the underlying offenses, she admitted her involvement in the offenses in her petition for post-conviction relief and her petition for review. Accordingly, Romero has not met her burden under Rule 32.1(h). *See Swoopes*, 216 Ariz. at 404, ¶ 46, 166 P.3d at 959.

**¶7**    Finally, Romero has raised several arguments in her petition for review that she did not raise in her petition for post-conviction relief in the superior court. For example, in her petition for review, she argues the seriousness of her case necessitated two attorneys. Because Romero failed to raise these arguments in the superior court, they are not properly before us. *See State v. Ramirez*, 126 Ariz. 464, 467, 616 P.2d 924, 927 (App. 1980) (appellate court does not address argument raised for the first time in a petition for review); *see also* Ariz. R. Crim. P. 32.9(c)(1)(ii) (requiring a petition for review to contain "issues which were decided by the trial court"). We also will not consider any of the arguments she has raised for the first time in her reply brief. *See State v. Watson*, 198 Ariz. 48, 51, ¶ 4, 6 P.3d 752, 755 (App. 2000) (citation omitted). Further, we do not review post-conviction petitions for fundamental error. *State v. Smith*, 184 Ariz. 456, 459, 910 P.2d 1, 4 (1996).

**¶8**        For the foregoing reasons, the superior court properly dismissed Romero's petition for post-conviction relief. Thus, although we grant review, we deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA