NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

AARON EDMOND, *Petitioner*.

No. 1 CA-CR 14-0630 PRPC
FILED 12-1-2016

Petition for Review from the Superior Court in Coconino County
No. CR2013-00241
The Honorable Jacqueline Hatch, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Coconino County Attorney's Office, Flagstaff
By David W. Rozema
*Counsel for Respondent*

Aaron Edmond, Kingman
*Petitioner*

## MEMORANDUM DECISION

Presiding Judge Kent E. Cattani delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Chief Judge Michael J. Brown joined.

**C A T T A N I**, Judge:

**¶1**        Aaron Edmond petitions this court for review from the dismissal of his second petition for post-conviction relief. For reasons that follow, we grant review but deny relief.

**¶2**        Edmond pleaded guilty to transportation of marijuana for sale and, consistent with the terms of his plea agreement, was sentenced to a presumptive term of five years in prison. Edmond then filed an of-right petition for post-conviction relief challenging his conviction and sentence (on grounds of ineffective assistance of counsel and newly discovered evidence), which the superior court summarily dismissed.[1]

**¶3**        Edmond thereafter filed this second petition for post-conviction relief asserting various constitutional claims, including a challenge to the propriety of the traffic stop that led to his arrest and an assertion that because he was a California medical marijuana cardholder, his possession of marijuana was permissible. The superior court found that Edmond's claims were precluded under Arizona Rule of Criminal Procedure 32.2(a)(3) and summarily dismissed the petition. This petition for review followed.

**¶4**        All of the issues Edmond presents for review are precluded, either because they were waived when he pleaded guilty or waived when he filed his first, of-right petition for post-conviction relief. By pleading guilty, Edmond waived all non-jurisdictional defenses, errors, and defects that occurred prior to the plea. *State v. Moreno*, 134 Ariz. 199, 200 (App. 1982). This waiver includes alleged deprivations of constitutional rights, *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), and all claims of ineffective assistance of counsel not directly related to the entry of the plea. *State v.*

---

[1]        The court granted the of-right petition in part as to restitution only, vacating the restitution order as premature under *State v. Lopez*, 231 Ariz. 561 (App. 2013).

*Quick*, 177 Ariz. 314, 316 (App. 1994). Edmond's guilty plea thus waived the arguments presented in his petition that the stop and search were constitutionally defective and that there was no evidence to justify his conviction in light of his California medical marijuana card.

**¶5** Moreover, Edmond's assertion that his trial counsel was ineffective in conducting a pretrial investigation and failing to file a suppression motion was waived by Edmond's acceptance and entry of a guilty plea. *See Quick*, 177 Ariz. at 316. To the extent Edmond contends his trial counsel was ineffective in relation to entry of the plea, Edmond was required to raise this Rule 32.1(a) claim in his first, of-right petition, and it is now precluded. *See* Ariz. R. Crim. P. 32.2(a). Although Edmond's notice of post-conviction relief mentioned newly discovered evidence and actual innocence as grounds for filing a successive petition, he did not develop any such basis for an exception to preclusion under Rule 32.2(b).

**¶6** Accordingly, we grant review but deny relief.

