NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JERRY RYAN, *Petitioner*.

No. 1 CA-CR 14-0816 PRPC
FILED 12-29-16

Petition for Review from the Superior Court in Maricopa County
No. CR2007-006464-001
The Honorable Roger E. Brodman, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Jerry Ryan, Buckeye
*Petitioner*

## MEMORANDUM DECISION

Presiding Judge Kent E. Cattani delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Chief Judge Michael J. Brown joined.

**C A T T A N I**, Judge:

¶1 Jerry Ryan petitions for review of the summary dismissal of his petition for post-conviction relief. For reasons that follow, we grant review but deny relief.

¶2 Ryan was charged with fraudulent schemes and artifices, theft, theft of means of transportation, taking the identity of another, and forgery. He entered a plea agreement with the State in which he agreed to plead guilty to attempted theft of means of transportation with two historical prior felony convictions, and he stipulated to a 10-year (presumptive) sentence. The superior court accepted Ryan's guilty plea and sentenced him in accordance with the terms of the agreement.

¶3 Ryan timely filed a notice of post-conviction relief under Rule 32 of the Arizona Rules of Criminal Procedure. After appointed counsel found no colorable issues, Ryan filed a pro se petition alleging that both of his trial attorneys were ineffective. Specifically, Ryan argued that (1) counsel failed to give him a copy of the police report, failed to communicate with him or adequately investigate the case, and failed to effectively pursue a speedy trial claim, (2) he was left with "no choice but to accept the plea offer," and (3) counsel appointed for sentencing did not adequately represent him. In a detailed ruling, the superior court found that Ryan had failed to present a colorable claim and dismissed the petition. The court denied Ryan's request for reconsideration, and this petition for review followed.

¶4 Ryan argues that the superior court erred by denying his ineffective assistance of counsel claim, again asserting that his trial counsel failed to conduct adequate pretrial investigation and failed to effectively pursue a speedy trial claim. By pleading guilty, however, Ryan waived all non-jurisdictional defenses or errors that occurred prior to the plea. *State v. Moreno*, 134 Ariz. 199, 200 (App. 1982). This waiver includes alleged deprivations of constitutional rights, *Tollett v. Henderson*, 411 U.S. 258, 267

(1973), and all claims of ineffective assistance of counsel not directly related to the entry of the plea. *State v. Quick*, 177 Ariz. 314, 316 (App. 1994).

**¶5** To the extent Ryan argues that counsel's allegedly ineffective pretrial actions deprived him of the information necessary to assess the plea offer, the superior court properly concluded that Ryan had failed to present any discrete evidence to substantiate his claims. Similarly, the court properly considered Ryan's statements at the change of plea hearing (that he was satisfied with his representation, that he had not been forced or threatened to plead guilty, and that his guilty plea was voluntary and of his own free will) and at sentencing (that he was satisfied with proceeding with his newly appointed counsel) in concluding that Ryan had failed to present a colorable claim of ineffective assistance of counsel.

**¶6** Accordingly, we grant review but deny relief.

