NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JUAN IRINEO RAMIREZ, *Petitioner*.

No. 1 CA-CR 15-0428 PRPC
FILED 3-30-17

Petition for Review from the Superior Court in Maricopa County
Nos. CR2013-002640-001; CR2013-417560-001
The Honorable William L. Brotherton, Jr., Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Juan Irineo Ramirez, Phoenix
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Jon W. Thompson joined.

**H O W E, Judge**:

¶1        Juan Irineo Ramirez petitions this Court for review from the summary dismissal of his petition for post-conviction relief. We review the summary dismissal of a post-conviction relief proceeding for abuse of discretion. *State v. Bennett*, 213 Ariz. 562, 566 ¶ 17, 146 P.3d 63, 67 (2006). We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2        In CR2013-002640, Ramirez pled guilty to criminal impersonation, a class 6 felony, and trafficking in the identity of another, a class 2 felony. Simultaneously, in CR2013-417560, Ramirez pled guilty to possession or use of a dangerous drug, a class 4 felony. The trial court sentenced him pursuant to the plea agreements to an aggravated two-year prison term on the criminal impersonation conviction with 201 days' presentence incarceration credit. The trial court suspended the imposition of sentence on the trafficking in the identity of another and the possession or use of a dangerous drug convictions and placed him on concurrent probation terms of 18 months. As a condition of his probation in CR2013-002640, Ramirez had to serve a six-month jail term following his two-year prison term. Additionally, the concurrent probation term in CR2013-417560 included Drug Court conditions.

¶3        Ramirez filed a timely notice of post-conviction relief. After appointed counsel notified the court that he was unable to discern any colorable claims for relief, Ramirez filed a pro se petition for post-conviction relief alleging claims of illegal search and seizure, ineffective assistance of counsel, and error in calculation of credit for presentence incarceration. Finding no material issues of fact or law that would entitle Ramirez to relief, the trial court denied the petition.

¶4        In his petition for review, Ramirez argues that the trial court erred by denying his petition because the police violated his rights by conducting an illegal search and seizure and that his counsel was ineffective in not moving to suppress the fruits of the illegal search and seizure. But the entry of a guilty plea waives all non-jurisdictional defects, including claims of ineffective assistance of counsel, other than claims of ineffectiveness relating to the validity of the plea. *State v. Quick*, 177 Ariz. 314, 316, 868 P.2d 327, 329 (App. 1993). Ramirez's claims based on the search and seizure by the police are not directly related to the entry of his pleas and therefore have been waived. *Id.*

**¶5** Ramirez also reurges his claim that he is entitled to additional credit for presentence incarceration. A defendant is entitled to credit for all time spent in custody pursuant to an offense until the defendant is sentenced. A.R.S. § 13–712(B).

**¶6** Ramirez was indicted on June 12, 2013, with respect to the charges in CR2013-002640. The record reflects that he was arrested and booked on these charges on September 13, 2013, and held in jail until he was sentenced on April 3, 2014, for a total of 201 days in custody. The record further reflects that the time he spent in custody between April 19, 2013 and June 7, 2013, on which Ramirez bases his claim for additional credit for presentence incarceration, related to the possession conviction, not the criminal impersonation conviction he received a prison sentence for. Because Ramirez was credited with the 201 days he spent in custody for the criminal impersonation conviction, the trial court did not err by finding that Ramirez failed to state a colorable claim for additional credit for presentence incarceration.

**¶7** Accordingly, we grant review, but deny relief.

