NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

MELINDA GABRIELLA VALENZUELA, *Petitioner*.

No. 1 CA-CR 16-0581 PRPC
FILED 11-16-2017

Petition for Review from the Superior Court in Maricopa County
Nos. CR2012-159201-001 and CR2013-001579-001
(Consolidated)
The Honorable Rosa Mroz, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Melinda Gabriella Valenzuela, Buckeye
*Petitioner*

_____

**MEMORANDUM DECISION**

_____

Presiding Judge Kent E. Cattani delivered the decision of the Court, in which Judge Jon W. Thompson and Judge Paul J. McMurdie joined.

_____

**C A T T A N I**, Judge:

¶1         Melinda Gabriella Valenzuela petitions this court for review from the dismissal of her petition for post-conviction relief. For reasons that follow, we grant review but deny relief.

¶2         Valenzuela pleaded guilty to theft of means of transportation in each of two criminal cases resolved by plea agreement, pleading guilty to one count of theft of means of transportation in each case. The superior court accepted the guilty pleas, and consistent with the plea agreements, sentenced Valenzuela to 9 years' imprisonment followed by a 5-year term of supervised probation.

¶3         Valenzuela timely initiated post-conviction relief proceedings in both cases. Appointed counsel found no viable claims for relief, and Valenzuela then filed pro se petitions raising numerous claims including: ineffective assistance of advisory counsel, unlawfully induced plea based on threats and promises from the court and the prosecutor, other constitutional violations (alleged *Miranda* violation, existence of exculpatory evidence, etc.), newly discovered mental health evidence, and miscalculation of presentence incarceration credit. After the State responded, the superior court summarily dismissed the petitions. This petition for review followed.

¶4         Valenzuela now argues that (1) the superior court failed to properly address her mental health issues and she was not provided with records and reports, (2) her guilty pleas were involuntary based on threats and coercion from her advisory counsel and the prosecutor, (3) the court improperly refused to address alleged *Miranda* violations, (4) her advisory counsel provided ineffective assistance, (5) other evidence (police reports, unspecified documents, unspecified statements from a co-defendant, and unspecified DNA evidence) prove her innocence, (6) several of Valenzuela's friends were on the grand jury and her mother was a sitting judge on the superior court, and (7) she was not awarded full credit for "back time." We review the superior court's assessment and summary

dismissal of these claims for an abuse of discretion. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012).

¶5 Regarding Valenzuela's mental health claims, the record shows that she was evaluated by several mental health professionals before accepting the plea agreements. Although she suffers from mental health issues, four of the five doctors who evaluated Valenzuela concluded she was competent, as did the superior court based on the experts' reports. Valenzuela has not presented any evidence suggesting the superior court's determination of competence was an abuse of discretion, nor does the record of the change of plea proceeding reflect anything that would call Valenzuela's competency into question.

¶6 Valenzuela's claim of an involuntary plea also fails. Although she now claims her advisory counsel and the prosecutor threatened her to secure a guilty plea, Valenzuela advised the court at the change of plea hearing that the pleas were voluntary and that no one had threatened or forced her to plead guilty. Absent compelling evidence undermining Valenzuela's acknowledgement of voluntariness in open court, her statements to the superior court at the change of plea are binding. *State v. Hamilton*, 142 Ariz. 91, 93 (1984).

¶7 Valenzuela's remaining claims are either unsupported by the record or are waived. By pleading guilty, Valenzuela waived all non-jurisdictional defects—including constitutional claims—other than claims directly related to entry of the guilty pleas. *See Tollett v. Henderson*, 411 U.S. 258 (1973); *State v. Quick*, 177 Ariz. 314 (App. 1993); *State v. Moreno*, 134 Ariz. 199, 200 (App. 1982). Her assertions related to alleged *Miranda* violations, sufficiency of the evidence, alleged procedural irregularities, and non-plea-related ineffective assistance of counsel (assuming arguendo ineffective assistance of *advisory* counsel can form a basis for relief) are thus waived. Moreover, Valenzuela failed to present any allegedly exculpatory evidence to support an actual innocence claim or any support for her assertion that family and friends were involved in the judicial process, and the record does not support these claims. Nor has she provided any information supporting her claim that the superior court failed to award adequate credit for presentence incarceration.

¶8        Accordingly, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA