NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ROBERT GEORGE ANDERSON, *Appellant.*

No. 1 CA-CR 18-0565
FILED 8-22-2019

Appeal from the Superior Court in Maricopa County
No. CR2017-127359-001
The Honorable Mark H. Brain, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joshua C. Smith
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jesse Finn Turner
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which
Presiding Judge Jennifer B. Campbell and Judge James B. Morse Jr. joined.

---

**W E I N Z W E I G,** Judge:

¶1        Robert George Anderson appeals his convictions and
sentences.  He asserts judicial bias and prosecutorial misconduct.  We
affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Anderson was tried in March 2018 for felony counts of
burglary in the second degree (count one) and possession of burglary tools
(count two), along with a class 2 misdemeanor count of refusing to provide
his truthful name when lawfully detained (count three).  Judge Christopher
Coury of the Maricopa County Superior Court was the trial court judge.  A
jury convicted Anderson on both felony counts and the trial judge found
Anderson guilty on the misdemeanor count.  The jury also found two
aggravating factors: Anderson committed the offenses while on bond and
had an accomplice.

¶3        In the sentencing phase, the State alleged that Anderson had
six prior felony convictions and should be sentenced as a repetitive
offender.  The prosecutor provided the court with several minute entries
from Anderson's historical prior felony convictions.  At the trial on the prior
felonies, Judge Coury saw his name on a minute entry from an unrelated
1998 felony prosecution against Anderson.  The minute entry identified
Judge Coury as "the assigned County Attorney, even though [another
attorney] was the prosecutor that handled it."  He informed the attorneys
and halted the proceedings after explaining the minute entry "was just
handed to me" and he "obviously" did not recall Anderson or the case.

¶4        Three days later, Judge Coury recused himself from the "trial
on priors" because he was a potential witness, but emphasized that no
"impropriety ha[d] occurred."  He only sought "to avoid any appearance
of impropriety."  In his minute entry, Judge Coury reiterated that he had
no independent recollection of Anderson or the 1998 prosecution, and he
first learned about his historical role in the trial on priors.  He declined to

2

vacate the verdicts, assuring the parties that his former prosecutorial role did not impact the jury's verdict or his rulings and that Anderson received a fair trial without bias or prejudice.

**¶5**      Anderson represented himself after the verdict. Among other motions, Anderson moved for a new trial based on judicial bias and the prosecutor's failure to alert Anderson that Judge Coury prosecuted a felony case against him in 1998.[1]  The case was reassigned. The new judge denied Anderson's motions and refused to set aside the jury verdicts, observing that Anderson had entered a plea agreement in the 1998 case, Judge Coury was not the prosecutor at the sentencing in the 1998 case and Judge Coury did not remember Anderson or the twenty-year-old case. The current prosecutor was also unaware of Judge Coury's prior involvement in the unrelated prosecution until the court brought it to the parties' attention.

**¶6**      The court sentenced Anderson to concurrent terms of 12 years in prison for count one and 5.75 years for count two. For count three, Anderson was sentenced to four months' jail with credit for time served. Anderson timely appealed.

## DISCUSSION

### A.      Judicial Bias

**¶7**      Anderson argues he should have received a new trial after Judge Coury recused himself. We review for fundamental error because Anderson did not raise his objection at trial. *State v. Escalante*, 245 Ariz. 135, 140, ¶ 12 (2018). To show fundamental error, Anderson must demonstrate an alleged error is both fundamental and prejudicial. *Id.* at 142, ¶ 21.[2]

**¶8**      We presume that trial judges are "free of bias and prejudice," and parties may rebut the presumption by proving bias or prejudice under a preponderance of the evidence standard. *State v. Medina*, 193 Ariz. 504, 510, ¶ 11 (1999) (quotation omitted). Bias and prejudice are defined as "a

---

[1]      Anderson's motions for a new trial are not part of the record on appeal. "When the record is not complete, we must assume that any evidence not available on appeal supports the trial court's actions." *State v. Lavers*, 168 Ariz. 376, 399 (1991).

[2]      We reject Anderson's argument that he is entitled to structural error review because he fails to show there was an "unconstitutional potential for bias" under these facts. *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 881 (2009). Thus, Anderson's due process rights have not been implicated.

hostile feeling or spirit of ill-will, or undue friendship or favoritism toward one of the parties." *State v. Granados*, 235 Ariz. 321, 326, ¶ 14 (App. 2014) (quotation omitted). "Bare allegations of bias and prejudice, unsupported by factual evidence, are insufficient to overcome the presumption of impartiality and do not require recusal." *State v. Carver*, 160 Ariz. 167, 173 (1989). A judge should also avoid the appearance of interest or prejudice, which "occurs when the judge abandons his judicial role and acts in favor of one party or the other." *Id.*

**¶9**        We find no fundamental error or prejudice. *See State v. Neeley*, 748 P.2d 1091, 1093-94 (Utah 1988) (no error where the trial judge prosecuted the defendant twenty years ago on unrelated charges and there was no showing of bias or prejudice during the trial). Anderson cannot overcome the presumption against judicial bias or prejudice based on nothing but Judge Coury's role as prosecutor in an unrelated 1998 criminal case against Anderson. *Del Vecchio v. Illinois Dep't of Corr.*, 31 F.3d 1363, 1375 (7th Cir. 1994) ("Prosecuting a defendant in one case is not the kind of action from which we can presume bias or prejudgment in a future case."). Judge Coury did not remember Anderson or the case from two decades earlier. He first learned about his role after reading a minute entry filed by the State as part of the sentencing phase.

**¶10**        Anderson provides no evidence to support his general accusation of misconduct. He offers no concrete examples of malice, favoritism or hostility. *Jenkins v. Bordenkircher*, 611 F.2d 162, 166 (6th Cir. 1979) ("Absent some showing of hostility or prejudgment we will not assume that a state court judge would not be able to give a defendant a fair trial solely because of his earlier contacts with the defendant in prosecuting totally unrelated charges."). Nor have we found hostility or favoritism in our review of the record here or misconduct by then-prosecutor Coury in the 1998 prosecution and plea agreement.

**¶11**        Anderson relies on *State v. Quick*, 177 Ariz. 314 (App. 1993). His reliance is misplaced. The trial judge in *Quick* was accused of dual roles in the same prosecution; the judge was first an attorney in the public defender's officer when the charges against defendant were pending and then later presided in the same matter, accepting the defendant's plea and sentencing him. 177 Ariz. at 315. This case involves unrelated prosecutions separated by two decades.³ What is more, Judge Coury recused himself

---

³        This fact also distinguishes the U.S. Supreme Court's decision in *Williams v. Pennsylvania*, 136 S. Ct. 1899, 1906 (2016) ("When a judge has

from sentencing, the only part of Anderson's 2018 trial that possibly overlapped with the 1998 prosecution and plea agreement.

¶12        Anderson counters that even Judge Coury understood the enormity of his error and would have granted a new trial, but that mischaracterizes the record. Though recusing himself in an abundance of caution, Judge Coury crafted a minute entry in which he dispelled any charge or hint of impropriety, assuring the parties that Anderson received a fair trial. Judge Coury stressed that "there was no reasonable chance that [Anderson] has suffered any bias or prejudice." We find no fundamental error.

### B.        Prosecutorial Misconduct

¶13        Anderson next contends that the prosecutor committed prosecutorial misconduct by failing to disclose Judge Coury's prior involvement. We review for fundamental error because Anderson did not raise the objection at trial. *Escalante*, 245 Ariz. at 140, ¶ 12.

¶14        Anderson has the burden to show that the "prosecutor's misconduct so infected the trial with unfairness as to make the resulting conviction a denial of due process." *State v. Hughes*, 193 Ariz. 72, 79, ¶ 26 (1998) (quotation omitted). "Prosecutorial misconduct is not merely the result of legal error, negligence, mistake, or insignificant impropriety, but, taken as a whole, amounts to intentional conduct which the prosecutor knows to be improper and prejudicial, and which he pursues for any improper purpose with indifference to a significant resulting danger of mistrial or reversal." *State v. Ramos*, 235 Ariz. 230, 237, ¶ 22 (App. 2014) (quotation omitted).

¶15        Anderson has not met that burden here. The record shows the prosecutor did not know the information he is accused of concealing. The prosecutor assured the court that he first learned about Judge Coury's role in Anderson's unrelated prosecution at the sentencing phase, which is unsurprising given that Judge Coury first appeared in the case on the same day the parties reported for trial; a different judge had handled pretrial proceedings. The record thus indicates that Anderson and the State learned the information at the same time (the trial on priors) and from the same

served as an advocate for the State in the very case the court is now asked to adjudicate, a serious question arises as to whether the judge, even with the most diligent effort, could set aside any personal interest in the outcome.").

person (Judge Coury).  Nor does Anderson provide evidence or argument to prove he suffered any prejudice.  We find no fundamental error.

## CONCLUSION

¶16         We affirm Anderson's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:  AA