866 P.2d 1358

**STATE of Arizona, Respondent,**

v.

**Carl WHIPPLE, Petitioner.**

**No. 1 CA–CR 92–1238–PR.**

Court of Appeals of Arizona, Division 1, Department D.

Dec. 23, 1993.

Richard M. Romley, Maricopa County Atty. by Gerald R. Grant, Deputy County Atty., Phoenix, for respondent.

Carl Whipple, in pro. per.

OPINION

FOREMAN, Judge *.

 Carl Whipple has asked this court to review the order of the superior court denying his petition for post-conviction relief. Ariz.R.Crim.P. 32.9. We deny review by summary order. This opinion explains our action in this case.

Publishing an opinion to explain an order is not without precedent. *E.g., State v. Wilson*, 174 Ariz. 564, 851 P.2d 863 (App.1993). It is consistent with the policies that govern publishing opinions found in Rule 111(b), Rules of the Arizona Supreme Court.

Denying a petition for review of a petition for post-conviction relief by summary order is consistent with our statutory mandate to write our "opinions" stating the grounds for our decision.[1] "Orders" are not "opinions" but are an authorized method of denying petitions for review. *See* Ariz.Sup.Ct.R. 111(c); *cf.* Ariz.R.Civ.App.P. 23(h).

Over the past ten years the caseload of this court has dramatically increased.[2] One

* The Honorable John Foreman, Maricopa County Superior Court Judge, was authorized to participate in the disposition of this matter by the Chief Justice of the Arizona Supreme Court pursuant to article 6, section 3 of the Arizona Constitution.

1. Ariz.Rev.Stat.Ann. § 12–120.07. Published opinions and memorandum decisions both satisfy the statute.

2. Arizona Court of Appeals, Division One, selected cases 1983–92 (on file with the Office of the

of the major contributors to this burgeoning case load has been an increase in criminal appeals and petitions for post-conviction relief. Since 1982 this court has resolved 1076 petitions for review in post-conviction relief cases. Only 21 have been significant enough to merit publication. *See* Ariz.Sup.Ct.R. 111(c). Four hundred thirty-seven have been resolved by order. However, 618—a 247 percent increase since 1982—have been resolved by written, memorandum decision. The majority of those decisions deny relief for the reasons already articulated by the trial court.

Memorandum decisions have no precedential value. Ariz.Sup.Ct.R. 111(c). When the trial court order properly identifies and rules on each issue, memorandum decisions needlessly duplicate what is already in the record. However, memorandum decisions do require the time and resources of this court. Each decision involves research, writing, and editing. The time and energy spent upon these decisions should be spent dealing with the mass of other appellate cases that crowd this court's docket.

■ Not all decisions denying relief to petitioners seeking review in post-conviction proceedings should be summary orders.[3] Memorandum decisions denying relief serve a purpose when the trial court's order is modified or a different legal basis for denying relief is used. Sometimes the record from the trial court is unclear and a written decision is necessary to identify and specifically rule upon the issues.

Summary orders denying relief where the trial court clearly and correctly articulates its ruling will not complicate further review in state or federal court. The United States Supreme Court has adopted a "look through" rule that looks to the last *explained* decision to determine whether a habeas corpus peti-

Clerk of the Arizona Court of Appeals, Division One).

| | 1983 | 1992 | Percentage Change | TOTAL 1983 to 1992 |
|---|---|---|---|---|
| **Criminal Appeals** | | | | |
| Filed | 805 | 1673 | 108% | 13,123 |
| Terminated | 793 | 1803 | 127% | 12,030 |
| Written Opinion | 56 | 63 | 13% | 423 |
| Memo. Decision | 538 | 1129 | 110% | 7,257 |
| Other | 199 | 611 | 207% | 4,390 |
| **Petitions for Post-conviction Relief** | | | | |
| Filed | 82 | 203 | 148% | 1,273 |
| Terminated | 65 | 192 | 195% | 1,076 |
| Written Opinion | 1 | 2 | 100% | 21 |
| Memo. Decision | 32 | 111 | 247% | 618 |
| Other | 32 | 79 | 147% | 437 |
| **Total Cases** | | | | |
| Filed | 1784 | 3276 | 84% | 25,780 |
| Terminated | 1824 | 3255 | 78% | 23,207 |

3. We do not reach the issue of whether a summary order denying review would be appropriate in a case where the court must conduct fundamental error review. The question of whether fundamental error review must be conducted by the court of appeals in those cases where the only appellate review is by petition for post-conviction relief is unresolved. *See* A.R.S. § 13–4033(B); Rules 17.1, 17.2 and 27.8, Ariz.R.Crim. P.; *Wilson v. Ellis*, 176 Ariz. 121, 122, 859 P.2d 744, 745 (1993). However, no apparent problem would be caused by a summary order denying a petition for review that includes a statement that a search for fundamental error was made and none was found.

tioner has litigated his claim on the merits in state court. *Ylst v. Nunnemaker,* 501 U.S. 797, —— – ——, 111 S.Ct. 2590, 2594–95, 115 L.Ed.2d 706 (1991); *Coleman v. Thompson,* 501 U.S. 722, ——, 111 S.Ct. 2546, 2559, 115 L.Ed.2d 640 (1991).

Some concern has been raised over the years that denying relief by summary order might create confusion about whether a procedural default has occurred in the post-conviction relief proceeding, which would preclude federal habeas corpus review, *Wainwright v. Sykes,* 433 U.S. 72, 80–88, 97 S.Ct. 2497, 2503–07, 53 L.Ed.2d 594 (1977). Whatever validity there once may have been to this argument is now gone. Under *Ylst* and *Coleman* the federal courts will "presume that no procedural default has been invoked" when an unexplained order leaves in place an earlier decision on the merits. *Ylst,* 501 U.S. at ——, 111 S.Ct. at 2594. We presume that the federal courts will do as the United States Supreme Court directs and "look through" to the superior court ruling to determine whether the issues raised in the federal habeas corpus proceeding were resolved in Arizona courts on the merits or are precluded by procedural default.

Since Rule 32 became effective in 1973, the Arizona Court of Appeals has had the protection of discretionary review against the flood of routine cases which can be effectively resolved without the commitment of resources needed for a written decision.[4] Historically, this court has been reluctant to use its powers of discretionary review the way the United States Supreme Court and Arizona Supreme Court have used their much broader powers of discretionary review.[5] We should take advantage of our discretionary powers and use them as those courts have used theirs.

This case provides an excellent example of a routine case where denying review by order is appropriate. Whipple's convictions and sentences were affirmed in a memorandum decision. *State v. Whipple,* 1 CA–CR 90–408 (filed April 2, 1992). The trial court's orders denying the petition for post-conviction relief clearly identify the issues raised. Each issue raised is correctly ruled upon in a fashion that will allow any court in the future to understand the resolution. No useful purpose would be served by this court rehashing the trial court's correct ruling in a written decision.

GERBER, P.J., and GRANT, J., concur.

---

4. Rule 32.9(f) of the Rules of Criminal Procedural provides that "the [Court of Appeals] may, in its discretion, grant review...." See also *State v. Stice,* 23 Ariz.App. 97, 98, 530 P.2d 1130, 1131 (1975) ("The granting of a petition for review by this Court [in a rule 32 case] is discretionary.").

5. For a thorough discussion of the evolution of the discretionary jurisdiction of the United States Supreme Court as a response to its crushing caseload, see Robert L. Stern, et al., *Supreme Court Practice,* §§ 4.1 and 1.16 (6th ed. 1986).