NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

MARJORIE ANN ORBIN, *Petitioner.*

No. 1 CA-CR 14-0196 PRPC
FILED 9-13-2016

Petition for Review from the Superior Court in Maricopa County
No. CR2004-135842-001 DT
No. CR2006-007050-001 DT
The Honorable Arthur T. Anderson, Judge

**REVIEW GRANTED AND RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Gerald R. Grant
*Counsel for Respondent*

Droban & Company PC, Anthem
By Kerrie M. Droban
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Donn Kessler joined.

---

**H O W E**, Judge:

**¶1**         Marjorie Ann Orbin petitions this Court for review of the trial court's summary dismissal of her petition for post-conviction relief. We have considered her petition for review and, for the reasons stated, grant review but deny relief.

**¶2**         After this Court affirmed Orbin's convictions and sentences on appeal, *State v. Orbin*, 1 CA-CR 10-0057, 1 CA-CR 10-0059, 2011 WL 5299386 (Ariz. App. Nov. 3, 2011) (mem. decision), Orbin filed a timely petition for post-conviction relief, raising claims of ineffective assistance of trial and appellate counsel and newly discovered evidence. She also asked the trial court to allow additional ballistics testing. The trial court summarily dismissed the petition, finding no colorable claim. This petition for review followed.

**¶3**         In dismissing the petition, the trial court issued a lengthy ruling that clearly identified, thoroughly addressed, and correctly resolved all of Orbin's claims. The petition for review consists of the same arguments Orbin advanced below. Because the trial court addressed those arguments correctly and at length, we need not repeat that analysis here; instead, we adopt it. *See State v. Whipple*, 177 Ariz. 272, 274, 866 P.2d 1358, 1360 (App. 1993) (holding that when the trial court rules "in a fashion that will allow any court in the future to understand the resolution[, n]o useful purpose would be served by this court rehashing the trial court's correct ruling in [the] written decision").

**¶4**         Accordingly, although we grant review, we deny relief.

