NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

LORETO VALENZUELA LOPEZ, *Petitioner*.

No. 1 CA-CR 14-0644 PRPC
FILED 9-20-2016

Petition for Review from the Superior Court in Maricopa County
No. CR2008-108965-002 DT
The Honorable James T. Blomo, Judge

**REVIEW GRANTED; RELIEF DENIED**

APPEARANCES

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Loreto Valenzuela Lopez, Buckeye
*Petitioner Pro Se*

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court in which Judge Peter B. Swann and Judge Patricia A. Orozco joined.

**G O U L D,** Judge:

¶1          Loreto Valenzuela Lopez petitions for review of the summary dismissal of his second post-conviction relief proceeding. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2          After a jury trial, Lopez was convicted of kidnapping, theft by extortion, and aggravated assault, and sentenced to concurrent and consecutive prison terms totaling twenty-one years. This court affirmed Lopez's convictions and sentences on appeal. *State v. Lopez*, 1 CA-CR 11-0114 (Ariz. App. July 24, 2012) (mem. decision). Lopez commenced a timely proceeding for post-conviction relief in 2012, which was summarily dismissed.

¶3          In December 2013, Lopez commenced an untimely second proceeding for post-conviction relief, stating he intended to raise a claim of actual innocence and asserting that his failure to a file pro se brief/petition for post-conviction relief was through no fault of his own. In summarily dismissing the proceeding, the superior court issued a ruling that clearly identified, fully addressed, and correctly resolved Lopez's claims. Under these circumstances, we need not repeat that court's analysis here; instead, we adopt it. *See State v. Whipple*, 177 Ariz. 272, 274 (App. 1993) (holding when superior court rules "in a fashion that will allow any court in the future to understand the resolution[, n]o useful purpose would be served by this court rehashing the trial court's correct ruling in [the] written decision").

¶4          Accordingly, although we grant review, we deny relief.

