NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

KEEFFE TRIKILL BRANCH, a.k.a. BRETT JONES-THEOPHILUS,
*Petitioner*.

No. 1 CA-CR 14-0670 PRPC
FILED 9-22-2016

Petition for Review from the Superior Court in Maricopa County
No.  CR-97-10663
The Honorable David B. Gass, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Brett Jones-Theophilus, Veguita, NM
*Petitioner Pro Se*

---

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Margaret H. Downie joined.

---

**T H U M M A,** Judge:

¶1         Petitioner Keeffe T. Branch, a.k.a. Brett Jones-Theophilious seeks review of the superior court's order denying his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 32.1 (2016).[1] Absent an abuse of discretion or error of law, this court will not disturb a superior court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577 ¶ 19 (2012). Finding no such error, this court grants review but denies relief.

¶2         Branch pled guilty in 1998 to two counts of sexual conduct with a minor and was sentenced to a one-year prison term followed by lifetime probation. Branch later rejected probation on the second count and was sentenced to a two-year prison term in late 1999.

¶3         In 2014, Branch filed with the superior court a petition for writ of habeas corpus, claiming his convictions were obtained in violation of his constitutional rights and his sentences exceeded the maximum or were otherwise not authorized by law. In summarily dismissing the petition, the superior court issued a ruling that clearly identified, fully addressed and correctly resolved the claims. Under these circumstances, this court need not repeat the superior court's analysis here but, instead, adopt it. *See State v. Whipple*, 177 Ariz. 272, 274 (App. 1993) (holding when superior court rules "in a fashion that will allow any court in the future to understand the resolution[, n]o useful purpose would be served by this court rehashing the superior court's correct ruling in [the] written decision").

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

¶4        For these reasons, this court grants review but denies relief.

