NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

ADAN ORDUNO, JR., *Petitioner*.

No. 1 CA-CR 14-0609 PRPC
FILED 9-27-2016

---

Petition for Review from the Superior Court in Maricopa County
No.  CR2004-005009-001
CR2004-009241-002
CR2004-012347-001
CR2004-019024-001
The Honorable Warren J. Granville, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Adan Orduno, Jr., Buckeye
*Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Patricia K. Norris delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Margaret H. Downie joined.

---

**N O R R I S**, Judge:

¶1        Adan Orduno, Jr., petitions this court for review of the superior court's summary dismissal of his untimely notice of post-conviction relief.  We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2        After pleading guilty to attempted burglary in the third degree, aggravated assault, trafficking in stolen property, and theft of means of transportation in four separate cases, the superior court sentenced Orduno to three concurrent prison terms, the longest of which was 7.5-years, followed by a three-year term of probation. The superior court revoked Orduno's probation on June 20, 2014, and sentenced him to a 4.5-year term of imprisonment.

¶3        In July 2014, Orduno filed a notice of post-conviction relief challenging his convictions in all four cases. Finding the notice untimely and that Orduno had failed to make a sufficient showing of any claims that could be raised in an untimely proceeding, the superior court summarily dismissed the proceeding.

¶4        In dismissing the proceeding, the superior court issued a ruling that clearly identified, fully addressed, and correctly resolved Orduno's claims. Under these circumstances, we need not repeat that analysis here—instead, we adopt it. *See State v. Whipple*, 177 Ariz. 272, 274, 866 P.2d 1358, 1360 (App. 1993) (when superior court rules "in a fashion that will allow any court in the future to understand the resolution[,] [n]o useful purpose would be served by this court rehashing the trial court's correct ruling in [the] written decision").

¶5   Accordingly, although we grant review, we deny relief.



AMY M. WOOD • Clerk of the Court
FILED:   AA