NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

BENJAMIN NAJERA, JR., *Petitioner*.

No. 1 CA-CR 14-0669 PRPC
FILED 10-18-2016

Petition for Review from the Superior Court in Maricopa County
No. CR2005-048600-001
The Honorable Jose S. Padilla, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane M. Meloche
*Counsel for Respondent*

Benjamin Najera, Jr., Florence
*Petitioner*

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which
Presiding Judge Kent E. Cattani and Chief Judge Michael J. Brown joined.

**W I N T H R O P**, Judge:

¶1          Benjamin Najera, Jr., petitions this court for review of the summary dismissal of his third post-conviction relief proceeding.  We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2          After a jury trial, Najera was convicted of aggravated assault and sentenced to twenty-five years' imprisonment.  This court affirmed Najera's conviction and sentence on appeal.  *State v. Najera*, 1 CA-CR 06-0318, 1 CA-CR 06-0635 (Ariz. App. May 22, 2007) (mem. decision).  Najera commenced two prior proceedings for post-conviction relief—one in 2007, and the other in 2011—both of which were unsuccessful.

¶3          In August 2014, Najera filed a third notice of post-conviction relief, asserting that *Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct. 1309 (2012), constitutes a significant change in the law permitting him to raise a claim of ineffective assistance of post-conviction relief counsel.  In summarily dismissing the proceeding, the trial court issued a ruling that clearly identified, fully addressed, and correctly resolved Najera's claim.  Under these circumstances, we need not repeat that court's analysis here; instead, we adopt it.  *See State v. Whipple*, 177 Ariz. 272, 274, 866 P.2d 1358, 1360 (App. 1993) (holding that, when the trial court rules "in a fashion that will allow any court in the future to understand the resolution[, n]o useful purpose would be served by this court rehashing the trial court's correct ruling in [the] written decision").

¶4          Accordingly, we grant review but deny relief.

