NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

GREGORY DEVON WAGES, *Petitioner*.

No. 1 CA-CR 14-0773 PRPC
FILED 11-29-2016

Petition for Review from the Superior Court in Maricopa County
No.  CR2008-153009-001
The Honorable Robert L. Gottsfield, Judge (*Retired*)

**REVIEW GRANTED; RELIEF DENIED**

APPEARANCES

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Gregory Devon Wages, Eloy
*Petitioner Pro Se*

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge Peter B. Swann and Judge Patricia A. Orozco joined.

**G O U L D, Judge**:

¶1        Gregory Devon Wages petitions for review of the summary dismissal of his second petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2        Wages pled guilty to four counts of armed robbery, five counts of aggravated assault, and one count each of kidnapping, attempted theft of a means of transportation, and burglary in the first degree, and was sentenced to concurrent and consecutive prison terms totaling twenty-one years. After having his first post-conviction relief proceeding dismissed, Wages filed an untimely and successive petition for post-conviction relief in 2014 raising claims of ineffective assistance of counsel, significant change in the law, and actual innocence.

¶3        In summarily dismissing the petition, the superior court issued a ruling that clearly identified, fully addressed, and correctly resolved the claims. Under these circumstances, we need not repeat that court's analysis here; instead, we adopt it. *See State v. Whipple*, 177 Ariz. 272, 274 (App. 1993) (holding when superior court rules "in a fashion that will allow any court in the future to understand the resolution[, n]o useful purpose would be served by this court rehashing the trial court's correct ruling in [the] written decision").

¶4        Accordingly, we grant review, but deny relief.

