NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

LOCY MENDOZA SMITH, *Petitioner*.

No. 1 CA-CR 15-0014 PRPC
FILED 2-16-2017

Petition for Review from the Superior Court in Maricopa County
No. CR 2010-130766-001
The Honorable Joseph C. Welty, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By E. Catherine Leisch
*Counsel for Respondent*

Locy Mendoza Smith, Tucson
*Petitioner*

_____

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the opinion of the Court, in which Presiding Judge Randall M. Howe and Judge Lawrence F. Winthrop joined.

_____

**T H O M P S O N, Judge**:

**¶1**        Locy Mendoza Smith petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

**¶2**        Smith was convicted by a jury of second degree murder and abandonment or concealment of a body. The superior court sentenced him to an aggravated twenty-two-year prison term on the murder count and a consecutive aggravated two-year prison term on the abandonment count. This court affirmed the convictions and sentences. *State v. Smith*, 1 CA-CR 12-0053 (Ariz. App. June 6, 2013) (mem. decision).

**¶3**        Smith filed a timely petition for post-conviction relief raising the following claims: 1) prosecutorial misconduct involving presentation of perjured testimony and failure to properly investigate case, 2) improper preclusion of exculpatory evidence, and 3) ineffective assistance of counsel. Finding that all claims other than ineffective assistance of counsel were precluded and that Smith failed to state a colorable claim of ineffective assistance of counsel, the superior court summarily dismissed the petition.

**¶4**        In dismissing the petition, the superior court issued a ruling that clearly identified, fully addressed, and correctly resolved the claims raised by Smith. Under these circumstances, we need not repeat that court's analysis here; instead, we adopt it. *See State v. Whipple*, 177 Ariz. 272, 274, 866 P.2d 1358, 1360 (App. 1993) (holding when trial court rules "in a fashion that will allow any court in the future to understand the resolution, [n]o useful purpose would be served by this court rehashing the trial court's correct ruling in [the] written decision").

¶5 Accordingly, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA