NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

RONALD KELLY YOUNG, *Petitioner.*

No. 1 CA-CR 15-0097 PRPC
FILED 3-14-2017

Petition for Review from the Superior Court in Pima County
No. CR 20084012
The Honorable Christopher Browning, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Pima County Attorney's Office, Tucson
By Jacob R. Lines, Rick A. Unklesbay
*Counsel for Respondent*

West Elsberry Longenbaugh & Zickerman PLLC, Tucson
By Anne Elsberry
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge James P. Beene joined.

---

**D O W N I E**, Judge:

**¶1**    Ronald Kelly Young petitions for review of the dismissal of his petition for post-conviction relief and the denial of his motion for hearing pursuant to Arizona Revised Statutes ("A.R.S.") section 13-4240. We grant review but deny relief.

**¶2**    Young was convicted by a jury of first-degree murder and conspiracy to commit first-degree murder. The superior court imposed consecutive natural life sentences for the two convictions. On appeal, this Court affirmed the convictions and murder sentence but remanded the conspiracy conviction for re-sentencing. *State v. Young*, 2 CA-CR 10-0164, 2012 WL 642852, at *1, *12, ¶¶ 1, 43 (Ariz. App. Feb. 29, 2012) (mem. decision). On remand, Young was again sentenced to life on the conspiracy conviction, but this time with the possibility of release after 25 years.

**¶3**    Young filed a timely notice and petition for post-conviction relief, asserting claims of ineffective assistance of counsel, newly discovered evidence, and *Brady* violations. The superior court summarily dismissed the petition, ruling that Young failed to state a colorable claim for relief.

**¶4**    Young thereafter filed a motion for hearing pursuant to A.R.S. § 13-4240 regarding DNA evidence. He also filed a motion to amend or supplement his petition for post-conviction relief to allege that there had been a significant change in the law. The superior court granted the motion to amend but denied relief on the amended petition and denied the motion for hearing.

**¶5**    In his petition for review, Young argues the court erred by summarily dismissing his petition and by denying relief on his motion for hearing pursuant to A.R.S. § 13-4240. We conclude otherwise.

**¶6**    In dismissing the petition for post-conviction relief and denying the motion for hearing, the superior court clearly identified, thoroughly addressed, and correctly resolved all of Young's claims. The court did so in a thorough, well-reasoned manner that will allow any future

court to understand the court's rulings. Under these circumstances, "[n]o useful purpose would be served by this court rehashing the trial court's correct ruling in a written decision." *State v. Whipple*, 177 Ariz. 272, 274 (App. 1993). We therefore adopt and affirm the superior court's rulings.

## CONCLUSION

¶7       For the foregoing reasons, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA