NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

GABRAIL H. BASHI, *Plaintiff/Appellant*,

*v.*

LUIS MERCADO, et al., *Defendants/Appellees*.

No. 1 CA-CV 16-0508
FILED 5-9-2017

Appeal from the Superior Court in Maricopa County
No. CV2014-006659
The Honorable Karen A. Mullins, Judge

**AFFIRMED**

COUNSEL

Gabrail H. Bashi, Phoenix
*Plaintiff/Appellant*

Wood, Smith, Henning & Berman LLP, Phoenix
By Jason R. Mullis, Jacob G. Fleming
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge James P. Beene joined.

---

**W I N T H R O P**, Judge:

**¶1**        Gabrail Bashi ("Appellant") appeals from a final judgment dismissing with prejudice his complaint against Luis Mercado and Mr. Bult's, Inc. (collectively, "Appellees"). For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

**¶2**        In 2014, Appellant, through counsel, filed a complaint against Appellees, alleging he had sustained personal injuries when a truck driven by Appellee Luis Mercado "blew a tire," causing Appellant to have to "swerve and hit the cement and gravel highway shoulder." Appellees filed an answer, denying the allegations, but submitted two offers of judgment to Appellant, which Appellant apparently did not accept. Appellant's counsel subsequently withdrew from the case.

**¶3**        Appellees moved for the appointment of a guardian *ad litem* to assist Appellant in "understand[ing] the nature and object of the proceedings." Appellees also filed various motions for summary judgment that, collectively, were potentially dispositive on Appellant's claims. Appellant did not respond to these motions.

**¶4**        The trial court initially addressed whether Appellant was personally served with Appellees' motions for summary judgment following the withdrawal of Appellant's counsel, ultimately concluding Appellees "properly served" the motions on Appellant. The trial court, however, did not immediately rule on the pending motions.

**¶5**        Appellees filed pretrial motions seeking to exclude various witnesses and damages evidence based on Appellant's failure to make proper disclosures.

**¶6**        At a final trial management conference, Appellant appeared on his own behalf and did not dispute the facts as set forth by Appellees in their various pretrial motions. At that hearing, the trial court granted

Appellees' motions to exclude evidence and motions for summary judgment on breach and causation, holding there was no evidence that Appellees were negligent in regard to the tire blowout and there were "no facts . . . creating an issue of material fact in regard to either breach of a duty of care or causation."  The trial court also denied Appellees' motion to appoint a guardian *ad litem* for Appellant and vacated the trial date.

¶7       Appellant timely appealed from a final judgment dismissing his claims with prejudice, *see* Ariz. R. Civ. P. 54(c), and we have jurisdiction pursuant to Arizona Revised Statutes section 12-2101(A)(1) (2016).

**ANALYSIS**

¶8       Appellant appeals the trial court's grant of summary judgment against him and subsequent dismissal of his complaint.  We review the trial court's factual findings for an abuse of discretion, but review its legal conclusions and issues of statutory interpretation *de novo*. *Home Builders Ass'n of Central Ariz. v. City of Maricopa*, 215 Ariz. 146, 149, ¶ 6, 158 P.3d 869, 872 (App. 2007).  We review *de novo* the trial court's grant of summary judgment, including the court's assessment of the existence of factual disputes and its application of the law.  *Coulter v. Grant Thornton, LLP*, 241 Ariz. 440, 447, ¶ 23, 388 P.3d 834, 841 (App. 2017).

¶9       The trial court's rulings at and after the final trial management conference properly identified, addressed, and resolved the issues in this case.  Appellant has not shown that, on the record presented, the trial court's conclusion that Appellant had not shown a genuine issue of material fact or that Appellees had shown an entitlement to judgment as a matter of law was in error.  Accordingly, we adopt the trial court's analysis and affirm the grant of those dispositive motions.  *See State v. Whipple*, 177 Ariz. 272, 274, 866 P.2d 1358, 1360 (App. 1983) (holding that when a trial court rules "in a fashion that will allow any court in the future to understand the resolution[, n]o useful purpose would be served by this court rehashing the trial court's correct ruling in [the] written decision").

## CONCLUSION

¶10      The trial court's judgment dismissing Appellant's complaint with prejudice is affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA