NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

REGINALD MCHAJI EDWARDS, *Petitioner*.

No. 1 CA-CR 15-0640 PRPC
FILED 5-16-17

Petition for Review from the Superior Court in Maricopa County
No. CR2011-008281-003
The Honorable Dawn M. Bergin, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Karen Kemper
*Counsel for Respondent*

Reginald Mchaji Edwards, Florence
*Petitioner*

**MEMORANDUM DECISION**

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Chief Judge Michael J. Brown joined.

**N O R R I S,** Judge:

¶1          Reginald Mchaji Edwards petitions for review from the summary dismissal of his petition for post-conviction relief. We grant review, but deny relief.

¶2          In 2013, Edwards pleaded guilty to second degree murder, attempted armed robbery, and conspiracy to commit armed robbery. The superior court sentenced him to concurrent terms of 22 years' imprisonment with 1100 days of presentence incarceration credit.

¶3          Edwards filed a timely notice of post-conviction relief, and the superior court appointed counsel to represent Edwards in his post-conviction proceeding. Appointed counsel examined the record and informed the superior court she was unable to discern any colorable claim upon which to base a petition for post-conviction relief. She also requested a 45-day extension to allow Edwards to file a pro per petition for post-conviction relief.

¶4          In his petition for post-conviction relief, Edwards argued his trial counsel was ineffective because counsel: did not appropriately advise him of the potential sentences he could receive if he pleaded guilty, did not pursue potential defenses, failed to investigate and submit evidence of mitigating circumstances or challenge the State's presentation of aggravating circumstances, failed to challenge the superior court's deviation from the presumptive sentences, and failed to correctly summarize the facts providing a sufficient factual basis for his second degree murder plea and resultant sentence. Edwards also argued the superior court: failed to obtain a sufficient factual basis for his guilty pleas to second degree murder, attempted armed robbery, and conspiracy to commit armed robbery; failed to independently investigate the circumstances relevant to sentencing; failed to specify the aggravating circumstances; and imposed a cruel and unusual sentence.

¶5          The superior court dismissed Edwards' petition for post-conviction relief without holding a hearing. In dismissing the petition, the superior court issued a ruling that clearly identified, fully addressed, and correctly resolved the claims raised by Edwards. Further, the court did so in a thorough, well-reasoned manner that will allow any future court to understand the court's rulings. Under these circumstances, "[n]o useful purpose would be served by this court rehashing the trial court's correct ruling in a written decision." *State v. Whipple*, 177 Ariz. 272, 274, 866 P.2d 1358, 1360 (App. 1993). We therefore adopt the superior court's ruling.

**¶6**         For the foregoing reasons, although we grant review, we deny relief.

