NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ROBERT DEALS, *Petitioner*.

No. 1 CA-CR 15-0411 PRPC
FILED 5-18-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2011-102084-003 SE
The Honorable Warren J. Granville, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Law Office of Joy Bertrand, Scottsdale
By Joy Bertrand
*Counsel for Petitioner*

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which
Presiding Judge Samuel A. Thumma and Judge James P. Beene joined.

**W I N T H R O P**, Judge:

¶1        Petitioner, Robert Deals, petitions this court for review of the dismissal of his petition for post-conviction relief filed pursuant to Arizona Rule of Criminal Procedure ("Rule") 32.  For the following reasons, we grant review but deny relief.

¶2        Pursuant to a plea agreement with the State, Deals pled guilty to conspiracy to commit possession of marijuana for sale, a class two felony, and aggravated assault, a class two dangerous felony.  Regarding the aggravated assault count, Deals agreed to serve a prison sentence of "between 10.5 years and 13 years (flat time)," and he avowed to having five prior felony convictions.  The superior court accepted the plea and additionally found the following aggravating factors:  the infliction of injury, the use of a deadly weapon, and the presence of an accomplice.  At sentencing, Deals moved to withdraw from the plea agreement and requested new counsel.  The court denied the motions, without prejudice to Deals seeking new counsel after sentencing.  The court sentenced Deals to an aggravated term of thirteen years for the aggravated assault conviction, to be followed upon release by a five-year term of supervised probation for the marijuana conviction.

¶3        Deals timely filed a *pro se* Rule 32 notice and petition, raising in his notice an ineffective assistance of counsel claim, and arguing in his petition that prosecutors had conspired against him, the superior court was biased, defense counsel was ineffective, he was not competent at the change of plea hearing, and he was improperly precluded from presenting evidence of his lack of competence.  The court summarily dismissed the petition pursuant to Rule 32.6(c), and this court dismissed Deals' untimely petition for review.

¶4        Deals subsequently filed in superior court a petition for "writ of habeas corpus," which the court properly considered to be a Rule 32 petition.  *See* Ariz. R. Crim. P. 32.3.  In his petition, Deals argued his plea was not voluntary because he was unaware—due to ineffective assistance of counsel and the State's alleged breach of the plea agreement—that he could receive a thirteen-year prison sentence.  He also attacked the lawfulness of his sentence, argued the superior court lacked jurisdiction to impose sentence, and asserted "material facts probably exist" that would have changed his sentence.

¶5 In a detailed minute entry ruling filed May 19, 2015, the superior court dismissed the successive Rule 32 proceeding. This timely petition for review followed.

¶6 On review, Deals repeats the arguments he made in his successive Rule 32 petition. In dismissing the petition, the superior court correctly ruled that Deals' ineffective assistance of counsel claim either was precluded because it was raised in his first Rule 32 proceeding or, if not previously raised, was waived because it could have been. *See* Ariz. R. Crim. P. 32.2(a)(2)-(3). The court also found that Deals was aware of the possible aggravated sentence when he accepted the plea, and therefore no breach of the plea agreement had occurred. The court also correctly ruled that Rule 32.2 precluded Deals' challenge to the lawfulness of his sentence, and the court correctly concluded it had jurisdiction to adjudicate his felony plea and sentence him. Finally, the court correctly determined that Deals' newly discovered evidence claim was a challenge to "the illegal stipulated plea agreement," and Deals had failed to show he could not have discovered the purported "evidence" before sentencing or his first Rule 32 proceeding.

¶7 The superior court set forth its dismissal of Deals' Rule 32 petition in a thorough, well-reasoned manner that will allow any future court to understand the court's rulings. Under these circumstances, "[n]o useful purpose would be served by this court rehashing the trial court's correct ruling in a written decision." *State v. Whipple*, 177 Ariz. 272, 274, 866 P.2d 1358, 1360 (App. 1993). We therefore adopt the superior court's ruling.

¶8 Additionally, Deals argues the superior court committed "fundamental error" in at least two respects. Fundamental error review is not available in post-conviction relief proceedings. *See State v. Swoopes*, 216 Ariz. 390, 403, ¶¶ 40-42, 166 P.3d 945, 958 (App. 2007).

¶9 Accordingly, although we grant review, we deny relief.

