NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

GLEN JAMES COOPER, *Petitioner*.

No. 1 CA-CR 16-0647 PRPC
FILED 8-10-2017

Petition for Review from the Superior Court in Mohave County
No. CR-2010-00681
The Honorable Steven F. Conn, Judge (Retired)

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Mohave County Attorney's Office, Kingman
By Matthew J. Smith
*Counsel for Respondent*

Glen James Cooper, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Chief Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Kenton D. Jones joined.

---

**T H U M M A**, Chief Judge:

**¶1**　　　　Petitioner Glen James Cooper seeks review of the superior court's order denying his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 32.1 (2017).[1] Absent an abuse of discretion or error of law, this court will not disturb a superior court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577 ¶ 19 (2012). Because Cooper has shown no such error, this court grants review but denies relief.

**¶2**　　　　A jury convicted Cooper of child molestation and he was sentenced to a mitigated term of 11 years in prison. On direct appeal, this court affirmed, rejecting Cooper's arguments that the superior court erroneously allowed the State to amend the indictment and that the indictment was duplicitous. *State v. Cooper*, 1 CA-CR 12-0467, 2013 WL 2446055 (Ariz. App. June 4, 2013) (mem. decision).

**¶3**　　　　Cooper then timely filed this post-conviction relief proceeding. He claimed ineffective assistance of counsel because counsel: (1) failed to move to suppress other act evidence; (2) failed to "completely impeach" the victim with additional inconsistent statements; and (3) failed to object to the allegedly duplicitous indictment. After the State responded and Cooper replied, the superior court found no colorable claim and summarily dismissed. This petition for review followed.

**¶4**　　　　The superior court dismissed the petition for post-conviction relief in an order that clearly identified and correctly ruled on the issues raised. The court did so in a thorough, well-reasoned manner that will allow any future court to understand the court's rulings. Under these circumstances, "[n]o useful purpose would be served by this court

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

rehashing the superior court's correct ruling in a written decision." *State v. Whipple*, 177 Ariz. 272, 274 (App. 1993).

¶5        For these reasons, this court grants review but denies relief.

