NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

RITO SAUCEDO, *Petitioner*.

No. 1 CA-CR 16-0239 PRPC
FILED 8-24-2017

Petition for Review from the Superior Court in Yuma County
No. S1400CR201100294
The Honorable John Neff Nelson, Judge, *Retired*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Yuma County Attorney's Office, Yuma
By Charles V.S. Platt
*Counsel for Respondent*

Elizabeth M. Brown, Attorney at Law, Goodyear
By Elizabeth M. Brown
*Counsel for Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the court, in which Judge Michael J. Brown and Judge Jennifer B. Campbell joined.

**J O H N S E N**, Judge:

¶1          Rito Saucedo petitions for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2          Saucedo pled guilty to attempted transportation of a narcotic drug for sale, use of wire communications in a drug-related transaction, and money laundering. The superior court sentenced Saucedo to concurrent prison terms, the longest of which was seven years.

¶3          Saucedo filed a timely petition for post-conviction relief raising claims of ineffective assistance of counsel. The superior court summarily dismissed the petition, ruling that Saucedo failed to state a colorable claim for relief. This petition for review followed. Absent an abuse of discretion or error of law, this court will not disturb the superior court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012).

¶4          The superior court did not abuse its discretion in denying relief. Saucedo argues his counsel was ineffective in failing to challenge the constitutionality of the placement of a tracking device on his tractor-trailer. In evaluating this contention, the superior court reviewed an affidavit by Saucedo's trial counsel and concluded that the decision not to challenge the tracking device was a tactical decision made based on counsel's conclusion that the use of the device would support Saucedo's defense. The court also concluded that when the device was installed, "there was no clear constitutional requirement" precluding installation of such a device, and moreover, affidavits offered by law enforcement officers "show[ed] good faith." Saucedo also argued counsel was ineffective in failing to "demand[] the testimony" of an analyst who created laboratory reports showing the presence of drugs and in failing to advise Saucedo that the laboratory reports could be challenged as hearsay in the absence of such testimony. The superior court concluded that Saucedo presented "no authority . . . that trial counsel's acceptance of those lab reports as legitimate and authentic would be deficient representation" or that trial counsel acted unreasonably in doing so.

¶5          In summarily dismissing the petition, the superior court issued a ruling that clearly identified, fully addressed and correctly resolved Saucedo's claims. Further, the court did so in a thorough, well-reasoned manner that will allow any future court to understand the court's rulings. Under these circumstances, "[n]o useful purpose would be served

by this court rehashing the trial court's correct ruling in a written decision." *State v. Whipple*, 177 Ariz. 272, 274 (App. 1993). We therefore adopt the superior court's ruling.

¶6     Accordingly, we grant review, but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA