NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JEFFREY JAMES FAULKNER, *Petitioner*.

No. 1 CA-CR 16-0426 PRPC
FILED 9-12-2017

Petition for Review from the Superior Court in Maricopa County
No. CR 1994-009172
The Honorable Dean M. Fink, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Jeffrey James Faulkner, Buckeye
*Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Michael J. Brown and Judge Jennifer B. Campbell joined.

---

**J O H N S E N**, Judge:

**¶1** Petitioner Jeffrey James Faulkner petitions this court for review from the dismissal of his successive petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

**¶2** A jury convicted Faulkner of two counts of aggravated assault, both dangerous offenses, and the superior court imposed consecutive terms of 35 years' imprisonment. On direct appeal, this court reversed the convictions and remanded for a new trial. *State v. Faulkner*, 1 CA-CR 96-0265 (Ariz. App. Apr. 29, 1997) (mem. decision).

**¶3** On remand, Faulkner was convicted again and sentenced to two consecutive terms of 21 years' imprisonment. He filed an appeal, but later moved to voluntarily dismiss the appeal and the motion was granted. *State v. Faulkner*, 1 CA-CR 98-0380 (Ariz. App. Sept. 18, 1998) (order).

**¶4** Faulkner then timely filed his first post-conviction relief petition, challenging his sentences. The superior court denied relief, but on review this court granted relief in part and remanded for resentencing. *State v. Faulkner*, 1 CA-CR 99-0564 (Ariz. App. Mar. 30, 2000) (mem. decision). Faulkner was resentenced in January of 2001. On appeal, this court affirmed the resentencing. *State v. Faulkner*, 1 CA-CR 01-0099 (Ariz. App. Oct. 25, 2001) (mem. decision).

**¶5** Since that time, Faulkner has filed seven petitions for post-conviction relief, four petitions for review and one special action. In this petition, filed in June of 2015, Faulkner re-alleges claims of ineffective assistance of trial and appellate counsel, illegal sentence and significant change in the law. He also presented claims of ineffective assistance of post-conviction relief counsel, actual innocence and newly discovered evidence. The superior court found that the claims were untimely, precluded or not cognizable or colorable. This petition for review followed.

**¶6** The superior court dismissed the proceeding in an order that clearly identified and correctly ruled upon the issues raised.[1] Further, the court did so in a thorough, well-reasoned manner that will allow any future court to understand the court's rulings. Under these circumstances, "[n]o useful purpose would be served by this court rehashing the trial court's correct ruling in a written decision." *State v. Whipple*, 177 Ariz. 272, 274 (App. 1993). Therefore, we adopt the superior court's ruling.

**¶7** For the reasons stated above, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[1] To the extent Faulkner's claim of a change in the law was brought pursuant to *State v. Phillips*, 202 Ariz. 427 (2002), we note this claim was presented and rejected in his second PCR proceeding. Faulkner then petitioned this court for review, but review was denied. *State v. Faulkner*, 1 CA-CR 03-0311 (Ariz. App. June 29, 2004) (order). As noted by the superior court, Faulkner's addition of Arizona Revised Statutes section 13-303(A)(3) to the claim, without any explanation "why a statute expanding accomplice liability would have affected his conviction or sentence," did not establish a colorable claim.