NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JAMES BRIAN KUMMER, *Petitioner*.

No. 1 CA-CR 16-0375 PRPC

FILED 9-21-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2010-006269-001 DT
The Honorable Warren J. Granville, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane M. Meloche
*Counsel for Respondent*

James Brian Kummer, Florence
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Diane M. Johnsen and Judge Maria Elena Cruz joined.

**W I N T H R O P**, Presiding Judge:

¶1          James Brian Kummer petitions this court for review of the dismissal of his petition for post-conviction relief filed pursuant to Arizona Rule of Criminal Procedure ("Rule") 32.  We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2          On direct appeal, this court affirmed Kummer's convictions and resulting sentences for burglary in the first degree, kidnapping, violent sexual assault, attempted sexual assault, and assault.  *State v. Kummer*, 1 CA-CR 13-0739, 2015 WL 450540 (Ariz. App. Feb. 3, 2015) (mem. decision).  Thereafter, Kummer filed a notice of post-conviction relief, raising claims of ineffective assistance of counsel ("IAC"), newly discovered evidence, and actual innocence.  Appointed counsel reviewed the record, trial transcripts, trial counsel's file, and correspondence from Kummer, but found no post-conviction relief claims.

¶3          In his *pro per* petition, Kummer argued his trial counsel was ineffective for failing to request a mistrial due to the State's expert presenting the jury with "falsified/misrepresented DNA test results to incriminate Defendant."  Kummer also based his IAC claim on several instances in which counsel failed to object to purported prosecutorial misconduct, judicial bias, and trial and sentencing errors.  Kummer further argued counsel ineffectively failed to interview and impeach witnesses and obtain DNA test results for blood samples.  Finally, Kummer argued Rule 32 counsel provided ineffective representation by failing to communicate with Kummer and his family.  The trial court summarily dismissed the petition, and Kummer timely sought review.  We review the court's denial of post-conviction relief for an abuse of discretion.  *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19, 278 P.3d 1276, 1280 (2012).

¶4          The trial court dismissed the petition for post-conviction relief in an order that clearly identified and correctly ruled upon the issues raised.  Further, the court did so in a thorough, well-reasoned manner that will allow any future court to understand the court's rulings.  Under these circumstances, "[n]o useful purpose would be served by this court rehashing the trial court's correct ruling in a written decision." *State v. Whipple*, 177 Ariz. 272, 274, 866 P.2d 1358, 1360 (App. 1993).  Therefore, we adopt the trial court's ruling as to the issues raised.

¶5 Accordingly, although we grant review, we deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA