NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

STEPHEN ONEAL WASHINGTON, JR., *Petitioner*.

No. 1 CA-CR 16-0589 PRPC
FILED 1-11-2018

Petition for Review from the Superior Court in Maricopa County
No. CR2012-144973-001
The Honorable Richard L. Nothwehr, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By David R. Cole
*Counsel for Respondent*

Stephen ONeal Washington, Jr., Eloy
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Chief Judge Samuel A. Thumma joined.

---

**C A M P B E L L**, Judge:

¶1        Stephen O'Neal Washington, Jr., petitions for review of the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review, but deny relief.

¶2        The State charged Washington with the following offenses: possession of marijuana for sale, a class 2 felony; unlawful flight from a law enforcement vehicle, a class 5 felony; assault, a domestic violence offense, criminal damage, a domestic violence offense, and criminal trespass, all class 1 misdemeanors. The State further alleged that Washington had one historical prior felony conviction and had committed the offenses while on probation for that conviction.

¶3        Facing a potential sentence of 23 years, Washington agreed to accept the State's plea offer. He met with his retained counsel, Melinda Kovacs, and signed the plea agreement. When Washington failed to appear for the change of plea proceeding, the superior court issued a bench warrant for his arrest. Washington was later arrested out of state and returned to Arizona. He subsequently terminated his counsel, Kovacs, and the superior court appointed new counsel, Adrian Little.

¶4        Four months later, and two weeks prior to trial, Washington retained the services of private counsel, Stephen Crawford. At a settlement conference, Washington told the court that he wanted to resolve his case and did not want to proceed to trial. He further stated he wanted to "move forward" with the previous plea agreement. That agreement, however, was no longer available and the State refused to tender the same offer.

¶5        Instead, the State offered a new plea agreement with a longer sentence than the previous offer. Under the terms of the new plea agreement the State would agree to the mandatory minimum sentence of 9.25 years for the possession of marijuana for sale charge, followed by a term of probation on the unlawful flight charge. The State offered to

withdraw the allegation of a prior felony for the unlawful flight charge, if Washington pled guilty to all charges. Washington agreed to the new plea agreement. After ascertaining that Washington's pleas were knowing, voluntary, and intelligent, the superior court accepted the new plea agreement and set the matter for sentencing.

¶6            Prior to sentencing, Washington retained his fourth attorney, Robert Standage. Standage filed a motion to allow Washington to withdraw his guilty pleas arguing that he had been induced into entering into the new plea by "fraud, duress, coercion, and misapprehension," generally, because he did not have a written plea offer. Accordingly, he argued that Crawford should have asked for a continuance of the settlement conference, and a plea colloquy with the court demonstrated Washington's pleas were not voluntary. After hearing argument, the superior court made detailed findings of fact and conclusions of law and denied the motion. The superior court later sentenced Washington accordingly.[1]

¶7            Washington timely commenced post-conviction relief proceedings. He raised ineffective assistance of counsel claims against his three previous attorneys—Kovacs, Little, and Crawford. He later filed an amended petition for post-conviction relief identifying additional claims of ineffective assistance of counsel. After reviewing the pleadings, the superior court summarily dismissed one of the claims and set an evidentiary hearing on the remaining claims.

¶8            At the evidentiary hearing, counsel for Washington began by clarifying that the case "boils down to three main issues." First, he claimed Kovacs failed to notify Washington of the date and time of the change of plea hearing and as a result, he lost the benefits of the previous plea agreement, *supra* ¶ 3, which "ultimately cost [Washington] 5.75 additional years" of imprisonment. Secondly, he claimed Crawford provided Washington with incorrect information that caused Washington to give up his right to trial. He claimed that Crawford was "unprepared and unwilling to represent Mr. Washington at trial because of a monetary conflict of interest," and that the combination of these factors rendered Washington's pleas involuntary. Lastly, he claimed that Crawford failed to investigate mitigating evidence and thus "improperly induced" Washington to give up his right to trial.

¶9            Washington as well as Crawford, Kovacs, and Little, all testified at the evidentiary hearing. Notably, Kovacs testified that when

---

[1] Washington further received time served for counts 3, 4, and 5.

Washington signed the previous plea agreement, *supra* ¶ 3, she advised him of the court date for the change of plea hearing, and he told her he would be there. Crawford testified that Washington retained him for the sole purpose of getting "a plea on the table." He further testified that the notes in his file indicated that Washington's initial fee was for a "plea deal only" and reflected a plea agreement was "what the client wants." Additionally, he testified that Washington had raised issues with Crawford, including that he "didn't want to take a case to [a] trial that he would lose on." Crawford also testified that he discussed the aggravating and mitigating evidence with Washington.

**¶10**        After the hearing, the superior court entered detailed findings of fact and thorough conclusions of law. The court found Washington's testimony was "not credible." Relying on the testimony of counsel and the case history, the superior court concluded that Washington had failed to establish his ineffective assistance of counsel claims. This petition for review followed.

**¶11**        In his petition for review to this court, Washington reargues the claims contained in the Amended Petition for Post-Conviction Relief, without reference to the testimony at the evidentiary hearing or the detailed factual findings by the superior court. *See* Ariz. R. Crim. P. 32.9(1) (petition should contain facts material to consideration of issues presented and reasons why petition should be granted). Even absent these omissions, reviewing the superior court's ruling for an abuse of discretion, *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012), Washington has failed to show that the superior court abused its discretion, *see State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011).

**¶12**        First, the superior court did not abuse its discretion when it summarily dismissed one of Washington's ineffective assistance of counsel claims regarding Kovacs. In his petition for review, Washington alleges Kovacs was ineffective by failing to have the marijuana reweighed and for failing to have the "marijuana packages" fingerprinted. "To state a colorable claim of ineffective assistance of counsel, a defendant must show both that counsel's performance fell below objectively reasonable standards and that this deficiency prejudiced the defendant." *State v. Bennett*, 213 Ariz. 562, 567, ¶ 21 (2006) (citation omitted). At minimum, Washington is unable to establish any prejudice from Kovac's failure to do either—Washington signed the new, less favorable, plea agreement after he failed to appear for court to enter in the previous plea he initially signed. Washington does not show how the outcome or the plea offers would have been any different

had Kovacs done either. He has therefore failed to raise a colorable claim of ineffective assistance of counsel. *See Bennett*, 213 Ariz. at 567, ¶ 21 (2006).

¶13        Regarding Washington's remaining claims, the superior court's order clearly identified and correctly ruled upon the issues raised. Further, the court did so in a thorough, well-reasoned manner that will allow any future court to understand the court's rulings. Under these circumstances, "[n]o useful purpose would be served by this court rehashing the trial court's correct ruling in a written decision," *State v. Whipple*, 177 Ariz. 272, 274 (App. 1993), and we adopt the superior court's ruling.

¶14        Accordingly, we grant review, but deny relief.

