NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

TODD WYNNGATE SMITH, *Petitioner.*

No. 1 CA-CR 18-0348 PRPC
FILED 9-27-2018

Petition for Review from the Superior Court in Maricopa County
No. CR2015-127468-001
The Honorable Joan M. Sinclair, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Daniel Strange
*Counsel for Respondent*

Todd Wynngate Smith, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Peter B. Swann joined.

---

**P E R K I N S,** Judge:

**¶1**         Todd Wynngate Smith petitions this Court for review of the dismissal of his petition for post-conviction relief under Arizona Rule of Criminal Procedure 32. We have considered the petition for review and the response. For the reasons stated, we grant review and deny relief.

**¶2**         Smith pleaded guilty to sexual conduct with a minor and two counts of attempted sexual conduct with a minor. The parties agreed to a prison term of five to ten years, flat time, to be followed by lifetime probation. The trial court imposed a ten-year prison sentence and the stipulated probation term. Thereafter, Smith timely sought post-conviction relief. After reviewing the superior court record, transcripts of court proceedings, Smith's medical records, and correspondence with Smith, appointed counsel was unable to discern any claims for post-conviction relief.

**¶3**         Smith, proceeding *in propria persona*, argued the prosecutor improperly shifted the burden of proof when, during an off-the-record discussion at the settlement conference, Smith informed her and defense counsel he wanted to proceed to trial. Smith alleges the prosecutor responded: "Todd, I don't have to prove you guilty but that you have to prove yourself innocent." Smith claimed the prosecutor's comment, in addition to her off-the-record promise that he would receive a three-year sentence, also unlawfully induced him to accept the plea agreement. Smith additionally argued the judge presiding over the settlement conference engaged in misconduct when she turned off the courtroom's audio and visual recording device to allow Smith, the prosecutor, and defense counsel an opportunity to confidentially discuss the plea agreement's terms. According to Smith, the judge's turning off the recording device evidenced her collusion with the prosecutor "against Smith." Further, Smith argued defense counsel's failure to object to the foregoing comments by the prosecutor, in addition to counsel's failure to explain the merits of the plea agreement and Smith's "chances at trial," constituted ineffective assistance of counsel. Finally, Smith contended the "only evidence the State had to use

against Smith . . . [contained] twenty-six counts of perjury from the accuser and hearsay from her mother." The superior court dismissed Smith's petition for post-conviction relief in a detailed, four-page minute entry order. This timely petition for review followed.

**¶4**        The superior court's dismissal order clearly identified and correctly ruled upon the merits of each claim Smith asserts in support of his petition for relief. Further, the court did so in a thorough, well-reasoned manner that will allow any future court to understand the court's rulings. Under these circumstances, "[n]o useful purpose would be served by this court rehashing the trial court's correct ruling in a written decision." *State v. Whipple*, 177 Ariz. 272, 274 (App. 1993). Therefore, we adopt the trial court's reasoning.

**¶5**        Relief is denied.

