NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ALEXANDER JEREMIAH BROWN, *Petitioner*.

No. 1 CA-CR 15-0798 PRPC
FILED 7-13-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2003-020308-001
The Honorable Sherry K. Stephens, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane M. Meloche
*Counsel for Respondent*

Alexander Jeremiah Brown, Florence
*Petitioner*

**MEMORANDUM DECISION**

Judge James P. Beene delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Lawrence F. Winthrop joined.

**B E E N E**, Judge:

**¶1** Alexander Jeremiah Brown seeks review of the summary dismissal of his fifth petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

**¶2** Brown pleaded guilty in 2004 to two counts of child abuse, the first a class 2 felony and dangerous crime against children and the second a class 3 non-dangerous felony. Pursuant to the plea agreement, the trial court sentenced Brown to a seventeen-year prison term on the first count and lifetime probation on the second count.

**¶3** Brown timely filed for post-conviction relief, but later voluntarily dismissed the proceeding, acknowledging that the dismissal would limit the claims that he may raise in any future proceeding. Between 2006 and 2013, Brown filed three additional requests for post-conviction relief, all of which were summarily dismissed.

**¶4** In June 2015, Brown filed a "Motion to File a Delayed Appeal under Ariz. Rev. Stat. § 13-4035" in which he requested that the superior court undertake a general review of his case for fundamental error. In support of his request, Brown argued he was entitled to relief because he was unlawfully sentenced as a repetitive offender. The superior court properly treated the motion as a petition for post-conviction relief, *see* Ariz. R. Crim. P. 32.3, and summarily denied relief, ruling Brown was lawfully sentenced in accordance with the terms of the plea agreement. This petition for review followed.

**¶5** Brown claims that he was unlawfully sentenced. We review a superior court's summary dismissal of a petition for post-conviction relief for abuse of discretion. *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17 (2006).

**¶6**　　　　The superior court did not err when summarily dismissing Brown's petition for post-conviction relief. The superior court issued a ruling that clearly identified, fully addressed, and correctly resolved Brown's claims. Further, the court did so in a thorough, well-reasoned manner that will allow any future court to understand the court's ruling. Under these circumstances, "[n]o useful purpose would be served by this court rehashing the trial court's correct ruling in a written decision." *State v. Whipple*, 177 Ariz. 272, 274 (App. 1993). We, therefore, adopt the superior court's ruling.

**¶7**　　　　Accordingly, we grant review but deny relief.

