NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

DAMON WILLIAMS, *Petitioner*.

No. 1 CA-CR 16-0301 PRPC
FILED 9-28-2017

Petition for Review from the Superior Court in Maricopa County
No.  CR2011-131806-001
The Honorable M. Scott McCoy, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Amanda M. Parker
*Counsel for Respondent*

Damon Williams, Laveen
*Petitioner*

**MEMORANDUM DECISION**

Judge Diane M. Johnsen delivered the decision of the court, in which Presiding Judge Lawrence F. Winthrop and Judge Maria Elena Cruz joined.

**J O H N S E N,** Judge:

¶1        Damon Williams seeks review from the dismissal of his petition for post-conviction relief filed pursuant to Arizona Rule of Criminal Procedure 32.  We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2        A jury found Williams guilty of discharging a firearm at a structure, criminal damage and unlawful discharge of a firearm, two counts of aggravated assault and three counts of endangerment.  The offenses related to an incident in which Williams shot a gun at his girlfriend's house.  On direct appeal, this court affirmed Williams's convictions and the resulting sentences.  *State v. Williams*, 1 CA-CR 12-0794, 2014 WL 117316 (Ariz. App. Jan. 14, 2014) (mem. decision).

¶3        Williams petitioned the superior court for post-conviction relief, arguing his trial counsel provided ineffective assistance.  Williams's defense was that he was at a gas station at the time of the shooting, and his petition asserted that his "attorney did not investigate his alibi[.]"  Williams argued that due to his lawyer's failure to investigate, he was unable to raise an alibi defense, which, he contended, would have resulted in reasonable doubt as to his guilt.  The superior court found no colorable claim for relief and dismissed the petition.  Williams timely filed a petition for review.  We review for an abuse of discretion.  *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012) (citation omitted).

¶4        To state a colorable claim of ineffective assistance of counsel, a defendant must show that his lawyer's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant.  *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *State v. Nash*, 143 Ariz. 392, 397-98 (1985) (adopting *Strickland* test).  "The petitioner must offer some demonstration that the attorney's representation fell below that of the prevailing objective standards . . . [and] some evidence of a reasonable probability that, but for counsel's unprofessional errors, the outcome of the [proceeding] would have been different."  *State v. Rosario*, 195 Ariz. 264, 268, ¶ 23 (App. 1999).  "[P]roof of ineffectiveness of counsel must be a demonstrable reality rather than a matter of speculation."  *State v. Vaughn*, 163 Ariz. 200, 205 (App. 1989) (citing *State v. Meeker*, 143 Ariz. 256, 264 (1984)).

¶5        The superior court dismissed the petition for post-conviction relief in an order that clearly identified and correctly ruled upon the issues raised.  Specifically, the court properly determined that Williams's

speculation was insufficient to establish a colorable claim. Further, the court did so in a thorough, well-reasoned manner that will allow any future court to understand the court's rulings. Under these circumstances, "[n]o useful purpose would be served by this court rehashing the trial court's correct ruling in a written decision." *State v. Whipple*, 177 Ariz. 272, 274 (App. 1993). Therefore, we adopt the superior court's ruling.[1]

**¶6** We also decline Williams's invitation to review for fundamental error. A petitioner is not entitled to fundamental error review in a Rule 32 proceeding. *State v. Swoopes*, 216 Ariz. 390, 403, ¶ 41 (App. 2007). Moreover, in Williams's direct appeal, we conducted a review and found no reversible error. *State v. Williams*, 1 CA-CR 12-0794, 2014 WL 117316, at *3, ¶ 12 (Ariz. App. Jan. 14, 2014) (mem. decision).

**¶7** For the foregoing reasons, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:   AA

---

[1] In his petition for review, Williams also argues his lawyer was ineffective for failing to request an alibi defense jury instruction. A petition for review may not present issues not first presented to the superior court. *See* Ariz. R. Crim. P. 32.9(c)(1)(ii); *State v. Bortz*, 169 Ariz. 575, 577 (App. 1991) (citation omitted). Williams did not raise this argument in the superior court; accordingly, we do not address it.

3