NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

EDWARD GEORGE GOLDWATER, *Petitioner*.

No. 1 CA-CR 16-0278 PRPC
FILED 4-12-2018

Petition for Review from the Superior Court in Maricopa County
No.  CR 1999-007007
The Honorable Dean M. Fink, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Edward George Goldwater, Phoenix
*Petitioner*

**MEMORANDUM DECISION**

Acting Presiding Judge Peter B. Swann delivered the decision of the court, in which Judge Maria Elena Cruz and Chief Judge Samuel A. Thumma joined.

**S W A N N**, Judge:

**¶1**         Edward George Goldwater petitions for review of the summary dismissal of his fifteenth petition for post-conviction relief.  For reasons that follow, we grant review but deny relief.

**¶2**         Goldwater pled guilty to one count of attempted fraudulent schemes and artifices, a class 3 felony.  The superior court initially suspended sentencing and placed Goldwater on probation for five years.  The superior court subsequently revoked Goldwater's probation based on his February 2002 conviction for manslaughter and sentenced him in March 2002 to a seven-year prison term to be served concurrent with the sixteen-year prison term imposed on the manslaughter conviction.

**¶3**         Between 1999 and 2013, Goldwater commenced fourteen proceedings for post-conviction relief, all of which were unsuccessful.  Beginning in 2014, Goldwater filed a series of demands, notices, and challenges with respect to his conviction for attempted fraudulent schemes and artifices.  The superior court treated the multiple filings challenging the conviction and restitution order entered as a notice of post-conviction relief and summarily dismissed the proceedings.  The court found many of the claims to be precluded and ruled that Goldwater failed to meet his burden of supporting the remaining claims with specific facts and meritorious reasons for not raising the claims in a timely manner.  This petition for review followed.

**¶4**         On review, Goldwater re-urges his claim that the superior court lacked subject matter jurisdiction and argues the ruling dismissing the post-conviction-relief proceeding constitutes plain error and violates his right to fundamental fairness.  We review the dismissal of a petition for post-conviction relief for abuse of discretion.  *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17 (2006).

2

¶5        The superior court did not err by summarily dismissing the proceeding for post-conviction relief.  The superior court issued a ruling that clearly identified, fully addressed, and correctly resolved Goldwater's claims.  Further, the court did so in a thorough, well-reasoned manner that will allow any future court to understand the court's ruling.  Under these circumstances, "[n]o useful purpose would be served by this court rehashing the trial court's correct ruling in a written decision."  *State v. Whipple*, 177 Ariz. 272, 274 (App. 1993).  We therefore adopt the superior court's ruling.

¶6        Accordingly, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA